By the Court,
Nelson, Ch. J.
The defendant is the assignee of Schermerhorn & Willsey, who were in the habit of receiving grain in store to be shipped to the New-York market. As such shippers, they received the plaintiff’s grain, which was deposited with that of other customers in a common bin; and it is claimed by the defendant that it passed to him under the assignment. The material question is, whether the title to the grain became vested in Schermerhorn Sc Willsey previous to the assignment, or whether they received and held it under a mere contract of bailment.
. It is quite clear that the receipts given for the grain do not in terms or of necessity import a sale, but rather the contrary. They acknowledge the delivery to have been cc on freight,” and nothing more. But it is argued that there was full proof of usage in the particular trade, which went to explain thé memorandum and establish an absolute sale of the grain. I do not deny that the receipts were open to explanation by this species of evidence ; (2 Stark. Ev. 258, 9, Am. ed. ’37; Withnell v. Gartham, 6 T. R. 398; Bushforth v. Hadfield, 6 East, 519; Cooper v. Kane, 19 Wend. 386 ;) but it ought to be full and explicit—so clear as to leave no doubt that the parties contracted in reference to the usage. The contracts in this case, so far as they have been reduced to writing, import a bailment ; and when it is sought to make them mean something more than appears upon their face, by showing the general course and understanding of the trade, there should be no doubt left as to the existence, extent and meaning of the usage. Imperfect as a memorandum may be, if enough appear upon its face to make out a contract, its terms must prevail,' un- *109 ' less modified by clear proof that these have a particular meaning attached to them by the usage of trade—a usage known to the party at the time of contracting, or which he is presumed to have known and assented to. The testimony in this case is not only loose in respect to the existence of the usage at the particular place where the dealing occurred, but it is left doubtful whether, even if it existed there at all, it afforded any evidence of a sale of the grain until the plaintiff ordered it to be sent to market. Such is the import of the usage as testified by some of the witnesses, and the direction to send to market does not appear to have been given in this case till after the assignment to the defendant. But this part of the case need not be further discussed, as the questions of fact arising out of the evidence of usage were submitted to the jury, to whom they properly belonged,(a) and no question of law is raised upon the charge of the judge.
New trial denied.(b)

 See Cowen & Hill’s Notes to Phil. Ev. 1408 to 1420.

 See Goodyear v. Ogden and another, (ante, p. 104.)