JOSEPH R. CORWIN, RESPONDENT, *v.* WM. T. PATCH AND CHARLES CLAYTON, APPELLANTS.

CUSTOMS AS EVIDENCE.—The custom of merchants is not admissible in evidence to vary the plain meaning of a written contract.[1]

APPEAL from the Fourth Judicial District.

*Wells, Haight & Gary,* for Appellants.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This action was commenced on the following sale note:

"We have purchased from Capt. J. R. Corwin, of schooner 'Excel,' the cargo of said vessel, say 100,000 oranges, more or less, at the rate of $72 per 1000, to be delivered to us, boxed, in good order, within the space of 15 days, or in 20 days, if we desire it, we paying $15 per day extra for the additional days; the oranges to be paid for as delivered.

PATCH & CLAYTON.

"August 16th, '53."

The declaration alleges the delivery of some 15,000 of said oranges, and a refusal, by the defendants, after proper notice, to receive the remainder, etc.

The answer does not deny the facts as alleged, but is argumentative and bad in many particulars. The principle defense relied on is, that by the *cutsom of merchants* and

---

[1] *Hemme* v. *Hays,* 55 Cal. 339.

orange dealers, the word or term orange denotes a larger and better fruit than a portion of the cargo in question is said to have been.   It is also alleged that the plaintiff, before the sale, rep-*resented the oranges   [205] as large, etc.; but it does not appear by the answer, that these representations induced the purchase, and the sale note negatives all such presumption.

On the trial, the plaintiff read in evidence the pleadings in the cause, and rested his case.

The defendant then offered to introduce witnesses to sustain the allegations in his answer.   The Court refused to admit any evidence as the pleadings then stood, and directed the jury to find for the plaintiff, from which ruling the defendant appeals.

We are of opinion that the Court below properly instructed the jury to find for the plaintiff.   The contract was for the purchase of the "cargo," and was an entirety. There was no stipulations as to size or kind.   The oranges were simply to be delivered in good condition.   A large quantity of them had been received, and it does not appear that any imposition had been practiced on defendants.

The answer contains no good ground of defense, and we cannot allow the plain meaning of words to be perverted, as attempted in this case, by any style of pleading, however argumentative or ingenious.

Judgment affirmed with costs