By the Court—Woodruff, J.
It is to be noticed that although the amended answer herein alleges that there is a usage and custom among Insurance Companies in the city of New York to make the rate of premiums in policies of reinsurance the same as in the policies issued by the reinsured party, and to make an abatement or deduction in favor of the reinsured, of a per centage of the gross amount of premiums; yet it is also stated, in the answer itself, that the rate or amount of the abatement is matter of agreement. The custom is therefore not relied upon in the answer as itself operating to modify the express contract between the parties fixing the rate of premium to be paid by the defendants at three-fourths of one per cent; but the allegation of the usage and custom is alleged by way of inducement, or as preparatory to the averment that the rate of abatement was in this case fixed, by actual agreement between the .parties, at fifteen per cent of the gross amount of premiums accruing under the policy. The answer, therefore, including the amendment thereto, amounts to this: (1.) The plaintiffs, when the said reinsurance was made and the policy executed, agreed to make an abatementof fifteen per cent from the gross amount of premiums earned under the policy. (2.) There being a usage and custom among Insurance Companies in the city of New York, when they reinsure, to make an abatement from the gross amount of premiums earned under the policy, the rate of abatement to be agreed upon between the parties, the plaintiffs did, when the policy of reinsurance was made, agree to abate fifteen per cent from the gross amount of premiums accruing to them ■under such policy.
*245 We might, therefore, since the whole defense set up in the answer depends on the question whether such an agreement was proved, dispose of the appeal by saying that the Referee has found, as matter of fact, that no such agreement was made; and that, on a careful examination of the testimony, we cannot say that his finding is so against the weight of the evidence that it should be disturbed.
But the case was tried upon an assumption that a defense would be established by proof of either of two facts, viz.: That there was a parol agreement' between these parties, that the plaintiffs would abate fifteen per cent from the rate of premium stipulated in the policy of reinsurance, or that there was a usage and custom in the city of New York, among Insurance Companies, to make such abatement in favor of other Companies effecting reinsurance. Without therefore reviewing the evidence in support of the finding of the Referee, that the defendants failed to prove the agreement set up in the answer and the amendment thereto, or the evidence in reference to the custom relied upon, we think proper to observe that in our judgment the proposed defense utterly fails upon strictly legal grounds applicable to both of the supposed defenses relied upon; for unless we are prepared to hold, first, that an express agreement to pay premiums of insurance, according to certain rates stipulated in writing, can be altered by proof that there is a custom in the city of New York not to require its performance; or, second, that such an agreement can be altered by proof of a parol agreement, prior or cotemporaneous with the written policy, that the defendants should not be bound to pay so much as they in fact agreed to pay, then the defense wholly fails, whatever parol proof was offered or given in support of it.
It is not necessary at this day to cite authorities to the proposition that a written instrument cannot be altered, or its legal operation or effect be impaired or modified, by evidence that the parties agreed by parol that it should not be obligator)'- according to the terms and effect of the writing. It is true that, on proof of a mistake by reason whereof the writing fails to express the actual agreement, the writing may <be reformed; and this was doubtless the idea of the pleader in the present case, when the answer was at first prepared. The proof, however, wholly fails *246 to show mistake; and the proposition, therefore, recurs, that the parties, having expressed in writing the 'agreement which they have made, and that in terms which are clear and unambiguous, the defendants cannot be permitted to show that there was a parol agreement, antecedent to or cotemporaneous with the writing, that the defendants should not he compelled to pay so large a rate or sum for the premium of reinsurance as, by the terms of the policy, they were bound to pay. To a rule so well settled, any work upon evidence may be consulted, if authority is desired.
It is, in our judgment, no less clear that proof of a usage and custom, however uniform and universal among Insurance Companies in the city of Few York, not to require a reinsuring Company to pay the full premium which, by the policy of rein: surance, it is stipulated shall be paid, cannot legally operate to impair the effect of an agreement to pay a fixed rate settled by the policy.
A written agreement, which is in no wise of ambiguous or uncertain import, is to have effect according to its terms, and the parties are bound thereby; and the express stipulations of parties cannot be overruled or set aside by any custom hot to require their performance according to their tenor.
This is not a question regarding the mere incidents to the defendants’ undertaking, but it is a question whether a written agreement is itself binding. If the decisions in Woodruff v. Merchants’ Bank, (25 Wend., 673,) affirmed in Error, (6 Hill, 174,) and in Brown v. Newell, (4 Seld., 190,) are law, much more is it true that a defendant cannot avoid his express promise by proof of a local custom not to require its performance. (Anth. N. P., 70; Cooper v. Kane, 19 Wend., 386; Hunton v. Locke, 5 Hill, 437; Merc. Ins. Co. v. State Ins. Co., 25 Barb., 320; Machine Co. v. Partridge, 5 Fost. N. H. R., 369; Atkins v. Howes, 18 Pick., 16; Wheeler v. Nurse, 20 N. H., 220; id., 246; Barlow v. Lambert, 28 Ala., 704; 30 id., 167, 608; Cadwell v. Meek, 17 Ill., 220; 18 id., 126; Linsley v. Lovely, 26 Vt., 123; Corwin v. Patch, 4 Cal., 204; Webb v. Plummer, 2 B. & Ald., 746; Blackett v. Assurance Co., 2 Cr. & Jer., 244; Ford v. Yates, 2 Mann. & Grang., 548; Trueman v. Loder, 11 Ad. & El., 589; 39 Eng Com. Law R., 183, notes.)
*247 We have thought it advisable to say so much upon the questions discussed on the appeal. It may, perhaps, be useful to those who have occasion to effect reinsurance to know that they are liable to pay the rate of premium specified in their policy, notwithstanding there is a custom in New York for the reinsuring Company to make an abatement therefrom, and also that they cannot be protected against a claim for the stipulated premium by proof of a prior or cotemporaneous parol agreement that a less sum only should be required.
The judgment must be affirmed.