CHARLES R. COOK, trustee, *vs.* RICHARD S. GARDNER.

Plymouth. Jan. 26. — Feb. 9, 1881. LORD, J., absent.

Land was conveyed to a trustee in trust to allow A. to occupy the land during the life of the grantor, A. to support the grantor during his life, and, in case A. should be unable or neglect to fulfil his obligations, the trustee to appoint arbitrators to pass upon the matters submitted to them, with power to determine the trust, if requested by either party, in which case the trustee should hold the land for the benefit of the grantor. *Held,* on a writ of entry by the trustee against A., after an award of arbitrators determining the trust, that parol evidence was inadmissible to show that A. had fulfilled the obligations imposed on him by the deed.

SOULE, J. This is a writ of entry to recover a parcel of land in Hingham. The demandant and the tenant both claim under a deed from Alban Whiton to the demandant as trustee. One of the trusts set up by the deed was to allow the tenant to occupy, use and improve the premises conveyed during the life of Whiton, as well as to exchange all the animal stock on the premises for other animal stock of equal value, and to use all the carriages, wagons, implements, tools, hay and grain, and stock on the premises at the time of the conveyance. The deed provided that the tenant should pay all taxes on the land and on the personal property thereon, keep the buildings insured and in good repair, and provide at his own cost and charge necessary food, raiment and fire for the comfortable support and maintenance of Whiton during his life, and in sickness provide for him medicine, medical attendance and suitable care, and allow him the exclusive use of the north front room and the adjoining bedroom in the dwelling-house on the premises, and keep the rooms and furniture thereof in good and neat condition. The deed provided further, that if at any time during Whiton's life the tenant should be unable, or should neglect or refuse, to perform the obligations and duties enumerated in the deed for him to do and perform, then, on complaint of either Whiton or the tenant in writing to the demandant, the latter should appoint three disinterested persons, by an order to them directed in writing, who, being duly sworn, should hear and determine all matters contained in the order, and concerning the provisions contained in the deed, and might, on such terms as they should think just

and equitable, determine and direct the specific performance of any and all matters therein submitted to them, and might, if requested by either of the parties in interest, determine and end the said trust, on such terms as they should consider just and equitable. The deed further provided that, on such determina tion of the trust, the demandant should continue to hold the premises to such uses as the said Whiton should thereafter direct.

This deed bore date April 1, 1878, and was acknowledged three days later. It appeared at the trial, that on February 17, 1879, Whiton complained to the demandant in writing that the tenant had neglected to provide for him necessary food, raiment and fire, and suitable care and attendance required by him in his infirm condition of health, and requested the demandant to appoint three disinterested persons to hear and determine the matter of the complaint, and asked that the persons so appointed should determine and end the trust made by the deed, as therein provided. It appeared further that three persons were accordingly appointed as arbitrators, and duly sworn, and heard the parties, and on February 24, 1879, awarded in writing that the tenant, though not unwilling to perform all that was required of him by the provisions of the deed, had been and then was unable to do and perform them; that they deemed it advisable that the trust be determined and ended, and that they so ordered. They further awarded that all the claims and demands of the parties named in the deed should be settled in the following manner, namely: 1st, that the tenant should remove from the premises within ten days; 2d, that he should leave on the premises the same live stock in number and amount as was there when he went there to live, and should leave the horse which the demandant had bought for Whiton since that time; 3d, that he should not take away any provisions, vegetables or fruit, without permission of the demandant; 4th, that he should take away no household goods, farming utensils, carriages, harnesses, farm vehicles, or farm produce, which he did not bring to the premises; 5th, that when he had removed from the premises according to the terms of the award, the demandant should pay him fifty dollars; and 6th, that the demandant should pay the costs and expenses of the arbitration.

This award is not open to the objection, which was urged by the tenant, that it passes on matters not submitted to the arbitrators, in so far as it deals with the personal property on the premises. The deed provides in terms that the arbitrators should have power to determine and end the trust on such terms as they should think just and equitable. They could ascertain what was just and equitable only by going into the history of the personal property, learning what stock and other property were on the premises when the tenant went into possession; and from the knowledge so obtained they could judge, and were required by the terms of the deed and of the submission to decide, if they ended the trust, what personal property the tenant ought to leave on the premises when he vacated them.

The other objection, that the award did not find a failure or neglect on the part of the tenant to perform his duty under the deed, has no foundation. The award finds that, though he was not unwilling, he had been and still was unable to perform his duty. This is in substance a statement that he had not performed it, and must be interpreted as meaning that the non-performance related to the particulars stated in the complaint of Whiton.

The evidence that Whiton had declared himself fully satisfied with the support and provision made for him by the tenant, and that the tenant had in all respects complied with the terms and conditions required of him in said deed, was properly rejected. The question had been submitted to and decided by the tribunal which the parties in interest had selected. Any admissions which had been made by Whiton before the hearing by that tribunal were proper matters for its consideration. Such admissions, whether made before or after that hearing, were not competent evidence for the purpose of vitiating the award, nor to affect rights which were established by it.

*Exceptions overruled.*

*P. Simmons*, for the tenant.

*J. O. Burdett*, for the demandant, was not called upon.