## Thompson v. Edwards.

(Decided May 27, 1927.)

### Appeal from Warren Circuit Court.

1. **Arbitration and Award.**—Where arbitration award is made, signed, and sworn to, and purports to be final arbitration and settlement of matter submitted, general allegation that arbitrator failed and refused to make award settling all controversies, without specifying particular matters not settled, is not sufficient.

2.  Pleading.—Allegation that arbitrator failed and refused to make arbitration in accordance with contract, without stating in what respect award did not conform to contract, held mere conclusion of law, and hence bad on demurrer.

3.  Arbitration and Award.—Allegation that arbitrator held one meeting, adjourned it for purpose of calling others, and failed to hold other meetings, held insufficient allegation that defendant was not given opportunity to be heard, in absence of allegation that she requested arbitrator to hold another meeting, asked for opportunity to offer other material evidence, or had any other evidence to offer.

4.  Arbitration and Award.—Allegation that arbitrator fraudulently consulted with plaintiff and his attorney held insufficient allegation of fraud to warrant setting aside award sued on, in absence of allegation that he took attorney's opinion, or that attorney said or did anything calculated to control or affect decision.

5.  Arbitration and Award.—To set aside award on ground of fraud, general allegation of fraud is insufficient, but specific acts constituting fraud must be alleged.

PRITCHETT & MEUTH for appellant.

G. D. MILLIKEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

On August 4, 1926, Mrs. Sallie J. Thompson and her tenant, W. P. Edwards, entered into a written contract whereby they appointed C. D. Lawson as arbitrator with full power to investigate their affairs and transactions, and to settle all matters in dispute. On August 25, 1926, the arbitrator made an award, which he signed and swore to, and furnished a copy thereof to each of the parties to the controversy. In the award he made findings as to nine separate items, and adjudged that Mrs. Thompson owed Edwards the sum of $433.88. In November, 1926, Edwards brought this suit to recover on the award. The defendant filed an answer and counterclaim and an amended answer and counterclaim, to both of which a demurrer was sustained; and having declined to plead further judgment was rendered in favor of plaintiff. Defendant appeals.

The propriety of the court's action in sustaining the demurrer to the original and amended answer and counterclaim is the only question to be decided. In the original answer and counterclaim there was an attempt to plead that Lawson, the arbitrator, failed and refused to make an award settling all the controversies between the

parties, but, as the award was made, signed, and sworn to, and purports to be a final arbitration and settlement of the matters submitted to the arbitrator, a general allegation that the arbitrator failed and refused to make an award settling all the controversies between the parties without specifying the particular matters that were not settled by the award is clearly insufficient.

The amended answer is as follows:

"The defendant, for her amended answer herein, states as in her original answer, that the said C. D. Lawson failed and refused to make an arbitration in accordance with the contract between the said defendant and the said plaintiff set up in the said plaintiff's original answer.

"The defendant states that the said C. D. Lawson held one meeting between the said plaintiff, W. P. Edwards, and the said defendant's agent, J. M. Thompson, and adjourned this meeting for the purpose of calling other meetings to go into whole affairs of the said plaintiff and defendant.

"The defendant states that the said Lawson failed and refused to hold any other meetings to go into the affairs of the said plaintiff and defendant, that the said Lawson declared to the said defendant's agent upon several occasions that he could not arbitrate this matter and that he would not arbitrate this matter.

"The defendant states that on one occasion the said plaintiff and the said defendant met with the attorneys of the said plaintiff and defendant, that on this occasion the said Lawson stated that he could not settle the affairs between the said plaintiff and the said defendant, but following this meeting the said Lawson left the said defendant's attorney's office after declaring that he could not and would not arbitrate this matter and counseled and consulted with the said plaintiff and the said plaintiff's attorney, and on that occasion prepared what is purported to be an award.

"The defendant states that the said C. D. Lawson fraudulently consulted with the said W. P. Edwards and the attorney for Edwards and the said plaintiff, and the said plaintiff's attorney and the said C. D. Lawson prepared the said award without taking into consideration the rights of the said Mrs.

Sallie J. Thompson, and which was fraudulent and prejudicial to the rights and claims, of said Mrs. Sallie J. Thompson.''

The allegation that the arbitrator failed and refused to make an arbitration in accordance with the contract, without stating in what respect it does not conform to the contract, is a mere conclusion of law, and therefore bad on demurrer. We take it that the plea that the arbitrator held one meeting and adjourned the meeting for the purpose of calling other meetings, and that he failed and refused to hold any other meetings, was an attempt to allege that appellant was not given an opportunity to be heard. She does not allege, however, that she requested the arbitrator to hold any other meeting, or that she asked for an opportunity to offer other evidence of a material character, or even that she had any other evidence bearing on the matters in dispute that she could have offered if further opportunity had been given.

Particular stress is put upon the allegation that the arbitrator stated upon one occasion that he could not settle the affairs between plaintiff and defendant, but following this meeting he consulted with plaintiff and his attorney and on that occasion prepared the award; that he fraudulently consulted with plaintiff and his attorney, and prepared the award without taking into consideration the rights of defendant, which was fraudulent and prejudicial to the rights and claims of the defendant. In making this allegation defendant attempted to bring the case within the rule announced in Galbreath v. Galbreath, 10 Ky. Law Rep. 935, where we held that the calling by the arbitrators of plaintiff's counsel before them after the case was submitted, and in the absence of the defendant and his counsel, and consulting with him and taking his opinion in regard to the controversy under consideration, was sufficient ground for setting aside the award. The material element in that case, however, was the taking of counsel's opinion in regard to the matter. Here we have only the allegation that the arbitrator fraudulently consulted with plaintiff and his attorney. It is not alleged that he took the opinion of the attorney, or that the attorney said or did anything calculated to control or even affect his decision in any way. Where it is sought to set aside the award on a ground of fraud, a general allegation of fraud is not sufficient. The specific acts constituting the fraud must be alleged. Phillips v.

Phillips, 81 Ky. 147. The averments under consideration do not meet the requirements of this rule. It follows that the demurrer to the answer and counterclaim as amended was properly sustained.

Judgment affirmed.