[L. A. No. 14153.  In Bank.—July 28, 1936.]

WILEY J. KERR, Respondent, v. HENRY H. NELSON, et al., Appellants.

86

86

Joseph Musgrove, Fred O. McGirr, Hill, Morgan & Bledsoe and Charles P. McCarthy for Appellants.

P. E. Cavaney for Respondent.

WASTE, C. J.—Plaintiff Kerr entered into two written contracts, one with defendant Nelson, pursuant to which defendant corporation was organized; the other with the defendant corporation. Under these contracts, plaintiff agreed to devote his time and attention exclusively to the business of the corporation for a period of three years, and to use his best efforts to promote the development, extension and upbuilding thereof. In return he was to receive the weekly sum of one hundred dollars, and defendant Nelson was to issue in plaintiff's name four thousand shares of the capital stock of the corporation, which were to be placed in escrow and delivered to him when Nelson should have received seventy-five thousand dollars out of the net profits of the business, Kerr, during the escrow period, to be entitled to one-

half of the net earnings upon the stock. Provision was made for cancellation by either party upon notice for cause, and also for submission of disputes to arbitration.

Kerr was discharged long prior to the expiration of the term of employment. The question of whether he was discharged "with or without good cause" was submitted to arbitration, and the finding was that no good cause existed for the termination of the contract. Kerr filed complaint for an affirmance of the arbitration award, and for an accounting. Judgment was for Kerr, awarding, in addition to amounts due on his weekly compensation of one hundred dollars, a dividend on the four thousand shares of the capital stock, and ordering that the stock be impounded with the clerk of the court for delivery to Kerr when the defendant Nelson shall have received seventy-five thousand dollars, with interest, from the net earnings. The trial court denied a motion for a new trial, but modified the findings and judgment, from which amended judgment the defendants appeal.

The defendants (appellants) admit the execution of the contracts, the discharge of respondent, the holding of the arbitration proceedings, and the making of the award, but deny that the award is valid. They sought to introduce evidence to show that the discharge of respondent was not wrongful, and also set up that the damages suffered by respondent, if any, were caused by the failure of respondent to use reasonable diligence to procure another position. These contentions present the principal issues to be considered on the appeal.

First, appellants urge that respondent should have had the arbitration award confirmed prior to commencing his action to recover on the award. (Sec. 1287, Code Civ. Proc.) The complaint was filed within three months after the making of the award, and contained a prayer that the award be affirmed. The act recasting sections 1281–1290 of the Code of Civil Procedure relating to arbitration (Stats. 1927, p. 404) omitted any provision for delivery of the award to the clerk of the court, notation thereof in the register of actions, and entry in the judgment book, and substituted a procedure by application to confirm, modify or vacate the award, with judgment accordingly, to which all provisions of law apply as in a judgment in an action. (Code Civ. Proc., secs.

1291–1293.) We see no objection, therefore, to one action being instituted to secure confirmation of the award, if brought "within three months after the award is made" (Code Civ. Proc., sec. 1287), and entered according to the other provisions of the act (Code Civ. Proc., secs. 1291 and 1292), and in which the findings of the award, if confirmed, are sought to be enforced.

■ Appellants claim that the award was invalid because the contract pertained to "labor". (Code Civ. Proc., sec. 1280.) The duties of respondent Kerr were those of a sales manager or general manager of the corporation. Since the record and briefs were filed in this cause, the nature of the contracts to which the present statute relating to arbitration "shall not apply" (Code Civ. Proc., sec. 1280) has received judicial construction. (*Universal Pictures Corp.* v. *Superior Court*, 9 Cal. App. (2d) 490 [50 Pac. (2d) 500].) After a critical examination of "the very large number of cases that heretofore have been decided throughout the United States wherein was involved the question of what constituted 'labor' ", the court said, "with but few exceptions, it seems to be generally conceded that individuals whose principal efforts are directed to the accomplishment of some mental task (citing examples and authorities) are not to be, nor should be, classified as 'laborers' ". As applied to the statute on arbitration (Code Civ. Proc., sec. 1280), the court said (p. 494) : "In its present connection, the meaning that should be attributed to the word ['labor'] is that it applies to that kind of human energy wherein physical force, or brawn and muscle, however skilfully employed, constitute the principal effort to produce a given result, rather than where the result to be accomplished depends primarily upon the exercise of the mental faculties." This court denied a petition for hearing of the cause after the decision and judgment in the District Court of Appeal.

The contract for the employment of plaintiff in this cause, as "sales manager or general manager", does not pertain to labor within the purview of the statute providing for arbitration.

■ Appellants contend that the evidence is insufficient to support the trial court's finding that plaintiff's damages were not caused by his failure to use reasonable diligence

to secure other employment. ·The specification of error is not sufficient to raise the point, and must be disregarded. (*Crow* v. *Crow,* 168 Cal. 607, 611 [143 Pac. 689] ; *Regoli* v. *Stevenson,* 179 Cal. 257, 258 [176 Pac. 158].) Furthermore, the burden was on the appellant Nelson (the employer) to show that respondent could have obtained other employment by the use of reasonable diligence and the approximate wage he would have probably received. ·(*Alderson* v. *Houston,* 154 Cal. 1, 10 [96 Pac. 884].) In computing damages, the court did not allow one hundred dollars per week for the full three years of the contract, but awarded said sum only for the period from February 13, 1931, to November 23, 1931, on which date the defendant corporation offered to reemploy the respondent Kerr at the agreed salary, which offer he refused. Appellants argue that there is no conflict in the evidence on this matter. The respondent was examined on the point. His explanation as to his engagements on the arbitration matter, and what he did after his discharge and until appellants offered to reemploy him at his old salary, must be held to have satisfied the trial court.

The contract between the respondent and appellant Nelson provided that the respondent should be entitled to one-half of the net earnings on the four thousand shares of stock to be placed in his name and appellant Nelson should be entitled to the other half of such net earnings up to and until the sum of seventy-five thousand dollars and interest should be paid, as in the contract provided. There was a confusion of evidence on the question of whether or not there were net earnings on the stock of the corporation available for dividends, due to an alleged variation permitted by accounting procedure between "net profits" from a continuous operating standpoint and "net profits" available for dividends to stockholders. On the showing made, we accept the trial court's finding.

During the trial, the court started to take evidence as to whether or not the respondent was improperly discharged by appellants. On objection that such evidence had no place in the present proceeding, it stopped. That action was proper. The question had been submitted to an arbitration board, which the parties in interest had selected. (*Cook* v. *Gardner,* 130 Mass. 313, 315.) An award may be

vacated, modified or corrected for the reasons specified in sections 1288 and 1289 of the Code of Civil Procedure.

The judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., Thompson, J., and Seawell, J., concurred.