[Civ. No. 11554. First Appellate District, Division Two.—November 29, 1940.]

THE UNITED FARMERS ASSOCIATION OF CALIFORNIA (a Corporation), Appellant, v. A. M. KLEIN et al., Respondents.

BEGGS BROS. FRUIT CO. (a Corporation) et al., Respondents, v. THE UNITED FARMERS ASSOCIATION OF CALIFORNIA (a Corporation), Appellant.

Leonard Comegys and Arthur B. Knight for Appellant.

Redmond & Redmond for Respondents.

STURTEVANT, J.—The United Farmers Association of California, the defendants and several hundred others, are engaged in the produce business in or about Los Angeles. Heretofore they formed an organization and entered into a written agreement. In that written agreement a body was named as the Los Angeles Markets Arbitration Committee. It named the defendants Klein, Greenfield, Moreno, Teague, Anderson, and Simpson as members of the committee. It also named Homer A. Harris as manager. On July 14, 1936, the plaintiff, The United Farmers Association of California, was by the manager fined $175. That fine not having been paid, on July 17, 1936, it was fined the additional sum of $150. The fines not having been paid, the manager claiming to act under said written agreement caused proceedings in arbitration to be commenced. Such proceedings were held before the defendants as members of the arbitration committee named and designated in the written agreement. A hearing was had on July 24, 1936. The arbitration committee, on September 11, 1936, signed findings of fact and conclusions of

law and executed an arbitrators' award. Thereafter the committee and the manager caused proceeding No. 407,462 (records of the trial court) to be commenced in which a petition for confirmation of said award was made. The plaintiff, The United Farmers Association of California, commenced action No. 407,629 (records of the trial court) asking for declaratory relief. Answers were filed in both proceedings. Later an order was made consolidating said proceedings for trial and judgment. On January 11, 1938, the trial court made findings of fact and conclusions of law against The United Farmers Association and from the judgment based on said findings the latter has appealed.

When the proceeding came on for hearing in the trial court the committee introduced in evidence each and all of the documents constituting the judgment roll in the proceeding before the arbitration committee. Thereafter Homer A. Harris, the manager of the Los Angeles Markets Arbitration Committee, was called as a witness by The United Farmers Association. He was asked by The United Farmers Association of California to produce certain other books and papers. Counsel for the committee objected on the ground that the same were incompetent. In reply to a question by the trial court as to the purpose of producing said books, counsel for The United Farmers Association answered that it was such party's intention to prove by the witness Harris and other witnesses to be called all of the details of the proceedings had before the so-called arbitration committee showing all of the steps taken with their respective dates, the date when each of the papers and documents considered by said board were actually prepared and filed with said board, and to show all of the evidence produced before the hearing held by said board either by the production of a transcript of such evidence and proceedings, or by secondary evidence thereof in case such transcript could not be found. The objection was sustained. No motion to vacate the award (C. C. P., sec. 1288) and no motion to modify or correct the award (C. C. P., sec. 1289) was made. In open court certain stipulations were made by counsel regarding the form of the record and thereupon the cause stood submitted. The appellant contends the trial court erred in sustaining said objection to its offer. We think the contention has no merit. Of the proceedings before the arbitration committee, there was

no bill of exceptions or statement of the case. Except to recite the words of the statute the appellant made no attempt to plead fraud, corruption, gross error, or mistake on the part of the arbitrators. Under these circumstances it is quite clear that the trial court did not err in making the order complained of. In the first place the appellant's pleading was wholly insufficient to present its contention. (6 C. J. S., "Arbitration and Award", sec. 124 (2) (c); *Thornton* v. *McCormick,* 75 Iowa, 285 [39 N. W. 502, 504]; *Thompson* v. *Edwards,* 220 Ky. 239 [294 S. W. 1095].) ▮▮ In the second place whatever alleged errors the arbitrators made in their procedure, not being presented in a bill of exceptions or statement of the case duly authenticated by the arbitrators, and not appearing on the face of the award, could not properly be reviewed by the courts. (*Tyson* v. *Wells,* 2 Cal. 122, 131; *Peachy et al.* v. *Ritchie,* 4 Cal. 204, 207; *In re Connor,* 128 Cal. 279, 281 [60 Pac. 862].) There is nothing in *Utah Const. Co.* v. *Western Pac. Ry. Co.,* 174 Cal. 156 [162 Pac. 631], at variance with what we have said. In that case by the agreement to arbitrate the parties agreed that the arbitrator should prepare his award in writing and attach to it a transcript of the proceedings and evidence taken before him. That was done. Later, on appeal, with said documents before it, on page 163, the court said: "The only questions remaining for consideration arise out of the claim that, under the qualification of the submission above mentioned, a mistake in the conclusions of law upon the findings should be considered a mistake appearing upon the face of the award, and good ground for vacating it if it affects the substantial rights of the plaintiff on the merits of the case, the theory being that, in that event, as he did not decide according to the legal right, he has exceeded his limited power under the agreement in making the award as he did." Clearly the court was there considering alleged mistakes claimed to appear on the face of the award.

▮▮ In its next point the appellant asserts the arbitration agreement was illegal and void as being in restraint of trade and competition and so could not be the basis of a valid arbitration proceeding. In reply it should first be noted that by an express provision the contract between the parties was severable. It was not claimed that any covenant was breached except a covenant under the terms of which the

parties agreed not to open their shops to receive produce on Sunday until 11 P. M. That covenant was not as a matter of law unreasonable. That being so the contract was not void as being in violation of the terms of section 1673 of the Civil Code. (*Grogan* v. *Chaffee*, 156 Cal. 611 [105 Pac. 745, 27 L. R. A. (N. S.) 395].)

■ It is next claimed the arbitration agreement was unenforceable against the appellant as it was unilateral and therefore lacking in consideration. We find no merit in that claim. The agreement was not unilateral. It was made by one party with each of more than three hundred other parties. Each party made the same promise to each and every other party. Furthermore, such promise constituted a consideration. (6 Cal. Jur. 187.)

■ Again it claims the agreement was void because it called for the imposition of a fine or penalty. To that claim there are many answers. The subject was fully presented to and considered by the arbitration committee and it made full and complete findings thereon. In doing so it held that the word ''fine'' wherever used in the contract was intended by the parties to be, and was used as meaning, liquidated damages. After the hearing in the trial court the latter made a finding, ''That the award of the board (the arbitration committee) is not a penalty, forfeiture or fine.'' Neither from the face of the award nor anything contained in the record can we say said finding is not sustained. (*Dyer Bros. Golden West I. Wks.* v. *Central I. Wks.*, 182 Cal. 588 [189 Pac. 445].)

The next point made by the appellant is based on the claim that the arbitration committee committed errors. But an inspection of the award does not disclose any errors.

■ It is claimed that E. J. Fleming was named as one of the arbitrators in the contract but that he did not participate in the hearing. Assuming such to be the facts they do not warrant the courts in disturbing the award. Nothing to the contrary appearing in the record, it will be assumed all parties agreed to proceed and did proceed before the other arbitrators who were named in the contract. (*Phipps* v. *Tompkins*, 50 Ga. 641.)

As we have indicated above the award on its face was not defective in any respect and the trial court so found. The appellant specifies other findings of the trial court and claims

such other findings were not supported by the evidence before the trial court. Assuming they were not, such additional findings did not constitute reversible error.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1941. Edmonds, J., and Houser, J., voted for a hearing.