[Civ. No. 14044. Second Dist., Div. Two July 1, 1943.]

WILEY J. KERR, Appellant, v. HORACE J. SMITH et al., Respondents.

Joseph D. Taylor for Appellant.

A. L. Abrahams and Frank H. Love for Respondents.

WOOD (W.J.), J.—In his complaint plaintiff alleges that he is a stockholder in defendant corporations and that the corporations have been defrauded by the acts of the individual defendants. He alleges that "this action is brought by plaintiff for and on behalf of said corporations and its stockholders after demand was made upon the corporation to bring the action." He asks that various funds and properties be returned to the corporations and that he be allowed attorney fees in the sum of $20,000. He is prosecuting this appeal from a judgment in favor of defendants.

The trial court found that plaintiff is not and was not at the time of the commencement of the action the owner of any stock in the corporations. This finding is supported by substantial evidence.

A gas heater business which had been conducted by Eva A. Sproat was in 1930 purchased by one Henry H. Nelson, who is not a party to this action, for the sum of $75,000. Plaintiff had been employed in the business and continued as an employee after the purchase by Nelson. In July, 1930, plaintiff and Nelson entered into written contracts wherein it was provided that Nelson should pay to plaintiff the sum of $100 per week for his services for the period of three years. Provision was made for submission of differences to arbitration. The business was conducted under the name of Ward Heater Co. Ltd., a corporation. In one of the contracts between plaintiff and Nelson it was provided that Nelson should set aside 4,000 shares of the capital stock of the corporation, being 20 per cent of the total shares, to be issued in the name of plaintiff and endorsed by him in blank and placed in escrow for delivery to plaintiff whenever Nelson should receive the sum of $75,000 with interest from the net profits of the business. It was also provided in the contracts that if

Nelson desired to sell his stock plaintiff should have the right to purchase it on the same terms as would be offered by any other party, and that if plaintiff failed to purchase the stock Nelson could at his election sell not only his own stock but the stock of plaintiff, provided the price and terms upon which plaintiff's stock be sold should be identical per share with the price and terms upon which Nelson's stock should be sold. Plaintiff agreed ''not to sell his shares or transfer any interest therein or the right to receive said shares or any benefit thereof to any person whomsoever until said shares are released from the escrow and the party of the first part has been repaid the sum of Seventy-five Thousand Dollars ($75,000.00), with interest as hereinabove provided.''

Nelson discharged plaintiff from the service of the corporation on January 13, 1931. The differences between plaintiff and Nelson were submitted to arbitration in accordance with the terms of their contract and thereafter plaintiff commenced an action in the superior court against Nelson for the enforcement of the award of the arbitrators. In the judgment in that action plaintiff was awarded a sum of money for his wrongful discharge. In its judgment the court ordered that the corporation stock mentioned in the contracts between plaintiff and Nelson be impounded with the clerk of the court and be ''delivered to said plaintiff upon order of the court when said Henry H. Nelson shall have received from the net proceeds of the Ward Heater Company, Ltd., as provided in said contract, Exhibit A, the sum of . . . $75,000.00 . . . with interest at . . . 6% per annum from January 16, 1930, or until the dissolution of the Ward Heater Company, Ltd., and the cancellation of said stock. . . .'' The court also enjoined Nelson from disposing of the stock ''during said time.'' The judgment was dated July 7, 1932. An appeal having been taken, the judgment was affirmed. (*Kerr* v. *Nelson,* 7 Cal.2d 85 [59 P.2d 821].)

On the day this judgment was rendered Nelson sold all of his stock in the corporation to defendant Smith. On the following day Nelson and Smith entered into an agreement wherein the judgment of the superior court dated July 7, 1932, was mentioned. By this agreement Nelson transferred all of his right, title and interest in and to the 4,000 shares of stock that had been impounded, together with the right to receive delivery of the stock whenever it should be released

by the court. When plaintiff became aware of the sale by Nelson to Smith he commenced another action in the court in which he alleged that Nelson had breached his contract with the plaintiff and in which he sought damages in the sum of $60,000. This action came on for trial resulting in a finding by the court that the consideration given by Smith for the stock transferred was of the value of $6,000 and no more. The court held that the plaintiff had failed to establish any damages and rendered judgment in favor of Nelson. This judgment became final long before the filing of the present action.

The corporation became indebted to Horace J. Smith in the sum of $33,618.89 and in consideration of the cancellation by Smith of this indebtedness and the assumption by him of the liabilities of the corporation all of the business and assets of the corporation were in 1937 transferred to Smith. Ward Heater Company, Ltd., was then dissolved and a new corporation was organized. It was stated in the application for a permit to issue stock in the new corporation that the new corporation was in law and fact a reorganization of the old corporation. No stock in the new corporation was issued to plaintiff. It is conceded that Nelson did not receive the sum of $75,000 from either corporation or from any individual and that there is no possibility that he ever will receive it.

In his brief plaintiff states that he "was frozen out by acts of the majority stockholders, and directors and officers of the corporation." In this action he does not sue to be reinstated as a stockholder or to recover damages for himself because of the acts of the officers of the corporation. In the present litigation he has chosen to file an action in which it must be established that the corporation itself has suffered some legal wrong and in which the corporation, if it were plaintiff, could secure legal or equitable redress. ▆ If the corporation fails to proceed upon demand the law permits a stockholder to begin and maintain such an action on behalf of the corporation. *(Turner v. Markham,* 155 Cal. 562 [102 P. 272].)

▆ The trial court made findings adverse to plaintiff's contention of fraud on the part of defendants. The court specifically found that the individual defendants "at all times acted in good faith, in a lawful manner and faithfully

represented the interests of said corporation, its creditors and stockholders;" that the acts of which complaint is made were not fraudulent; and that the agreement between Smith and Ward Heater Co. Ltd., was made for a valuable, fair and adequate consideration and in the best interest of the corporation. Circumstances were shown in evidence which, with such inferences as the court could reasonably deduce therefrom, give support to these findings. Plaintiff complains in particular of the amount of the consideration paid by Smith for the assets of the corporation and of the fact that the board of directors had, prior to the transfer to Smith, authorized payments to certain employees in the aggregate sum of $15,000. Evidence was introduced, however, from which the court could reasonably conclude that the debts of the corporation, including the indebtedness to Smith, amounted to a sum greater than the value of the total assets of the corporation; and that the employees had returned to the corporation the sums which had been allowed them as bonus. It thus appears that even if it be assumed that plaintiff was a stockholder and in position to file the action, the judgment must nevertheless be affirmed.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied July 19, 1943, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1943.