[Civ. No. 12560. First Dist., Div. One. Mar. 23, 1944.]

DAVID GLESBY, Appellant, v. BALFOUR, GUTHRIE & CO., LIMITED (a Corporation), Respondent.

Milton Sapiro, Samuel DeGroot and Aaron Sapiro for Appellant.

Farnham P. Griffiths, Charles E. Finney, McCutchen, Thomas, Matthew, Griffiths & Greene for Respondent.

WARD, J.—This is an appeal by petitioner from an order

denying his motion to vacate an award by a board of arbitration set up in accordance with the terms of a written contract between the parties hereto.

The contract required the shipment by Balfour, Guthrie & Co., Limited, during the month of March, 1942, of 350 tons of copra meal to David Glesby, doing business as Glesby Grain & Milling Co. at a price of $34.50 a ton. Among other things the contract provided that "this sale is made subject to the safe arrival at Los Angeles Harbor of the S. S. 'Edna' "; that the seller be relieved of all responsibility for "failure of manufacturers or suppliers [the Tecate mill in Lower California whose business it was to convert the raw copra received through Pacific ports into copra meal] to deliver." The seller was also exempted from any responsibility for failure of delivery due to war, consequences of war, etc. On March 9, 1942, respondent by letter informed petitioner that the S. S. Edna had arrived in San Francisco with a cargo of raw copra but that respondent had been advised by the Tecate mill that none of such material would be used to manufacture copra meal to apply against the contract between the parties herein. In this letter respondent called petitioner's attention to the fact that the sale was made subject to the safe arrival of the S. S. Edna in Los Angeles harbor (this was a special typewritten provision of their contract) and that "Suppliers advise us the 'Edna' was in San Francisco for over a month after the outbreak of the war and that the raw Copra on this delivery applies against contracts previously made by them for earlier delivery than stipulated in our contract with you. We have been advised that this vessel was scheduled by our sellers for two trips. The first trip has now been completed. As of this date no rejection of the second trip has been made by the seller and we understand the vessel is now on its return trip for further supplies of raw Copra.

"We are advised further by our suppliers that they are in a position to offer proof of their contention that the recent discharge of material from this vessel applied to contracts other than ours and that the vessel was scheduled for a second trip, the material from this trip to apply against your contract."

Petitioner claimed that in order to fulfill its own commitments it was compelled to purchase at an increased price, by reason of which it suffered a loss of $5,250; that it accord-

ingly made a claim against respondent, which denied liability and refused to pay. In accordance with the terms of the contract between the parties, the controversy was submitted for arbitration to a committee appointed by the chairman of the Foreign Commerce Association of the San Francisco Chamber of Commerce and the following award made: "Evidence was submitted showing that no deliveries were made by the Tecate mill to Balfour, Guthrie & Co., Limited under this contract and as the contract under dispute under clause 16 specifically exempts Seller for responsibility for 'failure of manufacturers or suppliers to deliver', the arbitrators have no option but to find in favor of Balfour, Guthrie & Co., Limited and cancellation is hereby sustained."

Petitioner, appellant herein, contends that the award is erroneous in stating that no deliveries were made to respondent under the contract, for which reason the agreement exempts the latter from responsibility to deliver; that the letters filed by respondent as exhibits show that there was a delivery of (raw) copra to it at San Francisco by the "Edna"; that, under their contract, "if, owing to circumstances beyond Seller's control, carrier fails to carry goods to or to discharge them at expected place of delivery and discharges them at some other port or place, Buyer shall take delivery there" (this quoted portion is a part of the contract's printed provisions); and that, regardless of the dates of delivery of contracts on hand between respondent and other customers, where no particular vessel was specified, petitioner is entitled to first consideration in connection with the cargo of the vessel "Edna." Petitioner further contends that error, therefore, appears on the face of the award, which, under section 1288(d), Code of Civil Procedure, should be vacated.

Respondent on appeal contends that the order denying the motion to vacate the award is not an appealable order; that the court should not review the evidence presented to the arbitrators because they have made a mutual, final and definite award upon the subject matter submitted to them, and that, irrespective of the foregoing contention, the award is fully supported by the evidence.

Respondent cites *Jardine-Matheson Co., Ltd.* v. *Pacific O. Co.*, 100 Cal.App. 572 [280 P. 697], with which we agree, but that case is not controlling here. In the Jardine-Matheson case the right of appeal was restricted so as not to in-

clude an appeal from an order directing the parties to proceed. ■ Proceedings in arbitration are of a summary character and not subject to dilatory tactics. It was held in the Jardine case that the rights of the parties are protected and may be reviewed on appeal from the judgment.

■ This appeal is from an order denying a motion to vacate an award which is in effect an appeal from an order confirming an award. (Code Civ. Proc., sec. 1293; *Pleaters etc. Assn.* v. *Superior Court,* 114 Cal.App. 35 [299 P. 555].)

■ It is not contended that the arbitrators refused to hear pertinent evidence, or that they were guilty of misbehavior as set forth in subdivision (c), section 1288, Code of Civil Procedure, but that the award should be vacated by virtue of the following, subdivision (d) of the same section: "Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award, upon the subject matter submitted, was not made." No error appears on the face of the award.

Petitioner initiated the arbitration proceedings and agreed "absolutely to abide by the award and findings of the arbitrators." The contract required shipment during March of 1942 of "copra meal" subject to safe arrival at Los Angeles harbor of the S. S. Edna. The Edna, carrying only "raw copra," arrived at San Francisco during March of 1942. No deliveries were made by the Tecate mill to respondent under the terms of the contract herein, which exempted the seller "for responsibility for failure of manufacturers or suppliers to deliver."

■ The appeal as a matter of fact is based solely upon the ground that the arbitrators drew an erroneous conclusion. This court may not correct an error merely of judgment, if any there be, in a proceeding where the parties have agreed that designated third persons shall decide a controversy, and that such decision shall be binding upon them. (*In re Connor,* 128 Cal. 279 [60 P. 862]; *California Sugar etc. Agency* v. *Penoyer,* 167 Cal. 274 [139 P. 671]; *Kerr* v. *Nelson,* 7 Cal.2d 85 [59 P.2d 821]; *In re Frick & Preston,* 130 Cal.App. 290 [19 P.2d 836]; *Pleaters & Stitchers Assn.* v. *Davis,* 140 Cal.App. 403 [35 P.2d 401]; *United Farmers Assn. of Cal.* v. *Klein,* 41 Cal.App.2d 766 [107 P.2d 631].)

The order appealed from is affirmed

Peters, P. J., and Knight, J., concurred.