[Civ. No. 22549.   Second Dist., Div. Three.   June 25, 1958.]

JOHN A. ECKERT et al., Respondents, v. ERNEST B. DAVIS, Appellant.

Smithers, Good & Potter and Clyde H. Potter, Jr., for Appellant.

Russell W. Bledsoe for Respondents.

WOOD (Parker), J.—John A. Eckert, Helen J. Eckert, and John A. Eckert, Jr., owners of certain land, entered into a contract with Ernest B. Davis, a contractor, whereby the contractor agreed to construct an apartment house on the land. The contractor appeals from a judgment confirming an award that was made in favor of the owners in an arbitration proceeding.

▮ Appellant contends that the award should be set aside for the reason that an arbitrator, who allegedly was appointed by appellant, was not permitted to participate in the arbitration proceeding.

Paragraph 16 of the contract provided, in part: "As between the parties hereto, all questions as to the rights and obligations arising under the terms of the contract, the plans and specifications are subject to arbitration. In case of dispute either party hereto may make a demand for arbitration by filing such demand in writing with the other. One arbitrator may be agreed upon, otherwise there shall be three, one named in writing by each party within five days after demand is given, and a third chosen by the two appointed. Should either party refuse or neglect to appoint said arbitrator or to furnish the arbitrators with any papers or information demanded he or they are empowered by both parties to proceed ex parte. If there be one arbitrator his decision shall be binding; if there be three the decision of any two shall be binding. Such decision shall be a condition precedent to any right of legal action, and wherever permitted by law it may be filed in Court to carry it into effect."

A dispute arose between the owners and the contractor regarding the alleged failure of the contractor to perform the work according to the terms of the contract. On March 28, 1955, Mr. Bledsoe, attorney for the owners, mailed a letter to the contractor wherein he made a demand for arbitration under the terms of the contract. In the letter, Mr. Bledsoe stated that F. Rodman Woelfle was the arbitrator selected by the owners. On April 8, 1955, Mr. Stoddard, attorney for

the contractor, mailed a letter to Mr. Bledsoe wherein he stated: ". . . Mr. Davis [the contractor], having had unsatisfactory experiences with arbitrators in the past, declines to submit the matter to arbitration and intends to pursue his remedy by foreclosure of the lien." On April 19, 1955, Mr. Woelfle mailed notices to the parties and their attorneys, stating therein that an arbitration hearing would be held at Mr. Woelfle's office on May 2, 1955. The contractor did not appear personally or by attorney at the hearing on May 2, and Mr. Woelfle, as the sole arbitrator, held the hearing. On May 16 Mr. Woelfle made an award of $3,079 and $150 as costs, in favor of the owners. The owners filed a petition in the superior court for an order confirming the award. The contractor filed objections to the petition, and he stated therein that he and his arbitrator were not permitted to appear at the hearing. The award was not confirmed.

On September 8, 1955, John A. Eckert died. Helen J. Eckert and John A. Eckert, Jr., filed a petition for an order directing that arbitration of the controversy proceed in the manner provided in the contract. The executrix of the will of John A. Eckert was substituted as a petitioner in the proceeding. The court made an order that the parties proceed to arbitrate in accordance with the terms of the contract.

On March 12, 1956, Mr. Bledsoe, attorney for the owners, mailed a letter to the contractor wherein he made a demand for arbitration under the terms of the contract. In the letter, Mr. Bledsoe stated that F. Rodman Woelfle was the arbitrator selected by the owners. On April 4 Mr. Woelfle mailed notices to the parties and their attorneys, stating therein that an arbitration hearing would be held at Mr. Woelfle's office on April 24, 1956. At the hearing on that date, the contractor Mr. Davis, William C. Atwater, John A. Eckert, Jr., and Mr. Bledsoe were present. Mr. Woelfle, as the arbitrator held the hearing. Mr. Atwater did not participate in the proceeding. Mr. Eckert and the contractor testified. Documents were received in evidence, and the matter was taken under submission by Mr. Woelfle. On June 6, Mr. Woelfle made an award of $3,079, and $150 as costs, in favor of the owners. Also, on June 6 a copy of the award was mailed to the parties and their attorneys. On September 4 the owners filed a petition in the superior court for an order confirming the award. The contractor filed an affidavit of Mr. Stoddard in the court proceeding. That affidavit, dated November 6, 1956, stated: "[O]n or about the 9th day of April, 1956, affiant [Mr. Stod-

dard] addressed a letter to Russell W. Bledsoe, attorney for John A. and Helen J. Eckert, a copy of which is attached hereto and by reference made a part hereof, advising them that the said Ernest B. Davis [the contractor] had appointed as arbitrator William C. Atwater.'' The copy of a letter, referred to in the affidavit, was dated April 9, 1956, and it stated: ''This is to advise you that Ernest B. Davis has appointed William C. Atwater as his arbitrator in the above entitled matter [Eckert v. Davis]. Kindly advise me of the date and place of the meeting of the arbitrators.'' On November 8, 1956, the owners filed an affidavit of Mr. Bledsoe in the court proceeding. That affidavit stated, in part: ''Never at any time did Affiant [Mr. Bledsoe] receive the original letter attached to Mr. George E. Stoddard's Affidavit of November 6, 1956. . . . Affiant further states that the only letter received by him from Mr. George E. Stoddard concerning the appointment of arbitrators is a letter dated April 8, 1955. Copy of said letter is attached.'' Attached to that affidavit is a copy of Mr. Stoddard's letter of April 8, *1955*, heretofore referred to, wherein Mr. Stoddard stated that Mr. Davis (the contractor) ''declines to submit the matter to arbitration and intends to pursue his remedy by foreclosure of the lien.''

The matter of confirmation was heard on December 20, 1956.

Mr. Stoddard testified that on April 9, 1956, he dictated a letter to his secretary, which letter was addressed to Mr. Bledsoe; in the letter he stated that Mr. Davis (the contractor) had appointed Mr. Atwater as arbitrator; a carbon copy of that letter was attached to the affidavit on file. (Apparently Mr. Stoddard was referring to his affidavit of November 6, 1956.)

The contractor testified that he did not name an arbitrator ''in writing'' within five days after demand was made upon him; he did not inform Mr. Bledsoe ''in writing'' that Mr. Atwater was his arbitrator; at the arbitration hearing on April 24, 1956, he informed Mr. Woelfle orally that Mr. Atwater was his arbitrator; he submitted all of his evidence at the arbitration hearing and he told Mr. Woelfle that he submitted his case; he did not make any complaint about the procedure in the matter until after he received a copy of the award.

Mr. Atwater testified that he did not recall whether the contractor requested, in writing, that he act as an arbitrator; at the arbitration hearing the contractor stated that Mr. Atwater was his arbitrator; at the hearing Mr. Woelfle said that

he (Mr. Woelfle) had received the evidence and that he would make the decision; Mr. Woelfle did not invite him to participate in the decision and he made no decision in the matter.

Pursuant to stipulation, an affidavit of Mr. Woelfle was received in evidence. In that affidavit, Mr. Woelfle stated that he was never informed by the contractor that an arbitrator had been appointed by him; the persons who were present at the hearing (including Mr. Atwater) sat at a conference table; Mr. Woelfle opened the hearing by stating that he had been selected as arbitrator to hear the dispute, and that after hearing the evidence presented by each side he would make a decision; Mr. Eckert, Jr., presented evidence during a period of approximately ten minutes; Mr. Davis presented evidence during a period of approximately one hour and twenty minutes.

The court found, in part, that the owners appointed Mr. Woelfle as an arbitrator in accordance with the terms of the contract; the contractor refused and neglected to appoint an arbitrator; the contractor was given a full and fair hearing at the arbitration hearing; and the arbitrator heard and considered the evidence and made an award in conformity with the terms of the contract. The judgment provided: that the award of the arbitrator is confirmed; and that the owners should recover, from the contractor, $3,079, as principal, $107.81, as interest, and $150, as arbitration costs.

Appellant contends, as above indicated, that the award should be set aside for the reason that the arbitrator, appointed by appellant, was not permitted to participate in the arbitration proceeding. He argues to the effect that the evidence shows that a notice of appointment of an arbitrator by appellant was mailed to the attorney for the owners within the time specified in the contract. There was evidence that on March 12, 1956, the attorney for the owners mailed a letter to the contractor wherein he made a demand for arbitration. The contract provided that an arbitrator should be named in writing within five days after demand was made. Mr. Stoddard stated in his affidavit, and in his testimony, that on April 9, 1956, he dictated a letter which was addressed to the attorney for the owners, and in the letter he stated that the contractor had appointed Mr. Atwater as an arbitrator. There was no evidence that the letter was mailed. Mr. Bledsoe, in his affidavit stated that he never received the letter. Mr. Stoddard stated that he presumed that his secretary mailed it. After the judge said there was no showing that the letter was mailed, Mr.

Stoddard said that he could bring his secretary as a witness. He did not call her as a witness. It appears further that the date on which Mr. Stoddard dictated the letter was 28 days after the date the demand for arbitration was made. As above stated, the court found that the contractor refused and neglected to appoint an arbitrator. That finding was supported by substantial evidence. It is implied in that finding that appellant did not mail a notice of appointment of an arbitrator.

As above shown, the contract provided: "Should either party refuse or neglect to appoint said arbitrator or to furnish the arbitrators with any papers or information demanded he or they are empowered by both parties to proceed ex parte. If there be one arbitrator his decision shall be binding . . . ." The contractor was present at the arbitration hearing which was conducted by Mr. Woelfle. The evidence before the trial judge, viewed in the light favorable to respondents, was to the effect that after the contractor presented evidence at the hearing for approximately one hour and 20 minutes, he said that he submitted his case; Mr. Woelfle said that he would render the decision; Mr. Woelfle was not informed by the contractor that an arbitrator had been appointed by him; the contractor did not make any complaint about the arbitration procedure until after he had received a copy of the award (which copy was received about June 6—approximately 43 days after the hearing). Under such circumstances, it appears that appellant acquiesced in submitting the arbitration matter to one arbitrator. In *United Farmers Assn. of Calif.* v. *Klein,* 41 Cal. App.2d 766 [107 P.2d 631], the appeal was from a judgment which confirmed an arbitration award. The court, in affirming the judgment therein, said (p. 770): "It is claimed that E. J. Fleming was named as one of the arbitrators in the contract but that he did not participate in the hearing. Assuming such to be the facts they do not warrant the courts in disturbing the award. Nothing to the contrary appearing in the record, it will be assumed all parties agreed to proceed and did proceed before the other arbitrators who were named in the contract."

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.