[Civ. No. 23420. Second Dist., Div. Two. Mar. 23, 1959.]

WALTER J. HYATT, Respondent, v. ECKEL VALVE COMPANY, Appellant.

Franklin L. Knox, Jr. and George O. West for Appellant.

Alef & Schnitzer and Arthur Alef for Respondent.

FOX, P. J.—This is an appeal by the defendant from an order confirming an arbitration award, from the judgment entered thereon, and from the order denying its motion to vacate the award.

The controversy submitted to the arbitrators grew out of a letter-agreement of September 11, 1956, by which the defendant company gave Hyatt the exclusive right to sell the company's products in California and Arizona upon certain specified terms. Under paragraph 4 of the agreement, Hyatt's compensation was 5 per cent commission on net sales. He was to receive what might be termed a drawing account of $1,000 per month, plus mileage and other travel and entertainment expenses. (Paragraph 2.) By paragraph 3 it was provided that: "If at the time of termination of this agreement, for any reasons other than formation of a jointly owned corporation, the commissions due Mr. Hyatt are not equal to the sums advanced under Item 2, above, the sums advanced shall be considered as remuneration for services rendered, and Eckel Valve Company shall have no further claim for reimbursement from Hyatt." Paragraph 5 stated: "This contract may be terminated without cause, by either party, upon thirty (30) days written notice. In event of such termination, neither party shall have any claims upon the other, for any reason, except that Hyatt shall receive his full commission fee on all orders from his territory on the books at the time of termination; . . ." Paragraph 6 provided that any disputes would be resolved by arbitration.

On December 5, 1957, the company sent Hyatt a telegram saying: "Advise representation agreement terminated, effective January 4, 1958." That telegram was confirmed by

letter from the company which read: "Confirming our telegram of this date, please be advised that Eckel Valve Co. hereby terminates our agreement dated September 11, 1956, in accordance with paragraph 5, to be effective January 4, 1958. A revised agreement may be offered for your consideration prior to January 4, 1958."

Hyatt continued with his sales representation of defendant's products until the January 4, 1958, termination date. On that date he had accrued commissions of $9,668.12 which were unpaid. The company refused to pay these commissions so Hyatt instituted arbitration proceedings as provided in the letter-agreement.

It was stipulated at the hearing that if there was any liability on the part of the company to Hyatt it was in the sum of $9,668.12. It was also stipulated that the agreement of September 11, 1956, was executed by both parties and that the relationship was terminated as above stated.

At the conclusion of the hearing the arbitrators held that the company was indebted to Hyatt "under the terms and provisions of the said contract of September 11, 1956, in the amount of $9,668.12" and, accordingly, awarded him that amount.

Thereafter, Hyatt filed his petition for confirmation of the award and the company filed a motion to vacate said award and objections to the petition for confirmation.

The court confirmed the award and denied defendant's motion.

In seeking a reversal, defendant contends that the arbitrators were guilty of misconduct in that they refused to hear evidence pertinent and material to the controversy and deprived the defendant of a full and fair hearing. Specifically, it was defendant's position that the September 11 agreement was not in fact the contract of the parties. During the cross-examination of Hyatt, defendant's counsel sought to elicit testimony of the oral negotiations prior to the execution of the September 11 contract. The board excluded evidence of conversations prior to that time. Vincent W. Eckel testified on behalf of the company. Defendant's counsel made an offer of proof which outlined the negotiations of the parties prior to September 11 to the effect that Hyatt was not to get a 5 per cent commission, but instead all profits in excess of Hyatt's salary and drawing account were to be placed in a corporation which was to be formed in which plaintiff was

to have a 51 per cent stock interest. The tribunal sustained objections to this offer of proof.

An arbitration award must be vacated where the arbitrators refuse "to hear evidence, pertinent and material to the controversy." (Code Civ. Proc., § 1288, subd. (c).) ■ We are of the opinion that the arbitrators quite properly excluded evidence of the prior negotiations of the parties. A fair reading of the letter-contract discloses no ambiguity, and defendant's offer of proof did not show that the parties had a prior contract to form a corporation. The offer of proof, viewed most favorably in defendant's behalf, merely shows conversations relative to a possible agreement to agree in the future.

■ Even assuming, *arguendo*, that defendant should have been allowed to increase the scope of his cross-examination and should have been permitted to introduce testimony pursuant to his offer of proof, the defendant was in no manner prejudiced by the board's rulings. The record discloses that evidence relative to the prior negotiations and asserted purpose of paragraph 5 was in fact received into evidence, notwithstanding the above prior rulings. At the conclusion of Eckel's testimony, he asked the board if he could explain the purpose of paragraph 5 of the contract. The chairman replied: "Well, go ahead Mr. Eckel. This is an informal proceeding. I don't want to tie you down on formalities or technicalities. I want to get anything in the record that we, as arbitrators, think is relevant or material." Eckel then proceeded to testify at length and in essence to the very facts and discussions which took place prior to the execution of the September 11 contract, which the board had previously held inadmissible. The substance of his testimony was that he and Hyatt contemplated the formation of a sales corporation; that Hyatt wanted some protection in the event the corporation was not formed to insure that he would receive his sales commissions in excess of his salary and drawing account; that paragraph 5 was written to give this protection and, inferentially, it was to have no effect if defendant was willing to form the corporation and that this paragraph was not intended to cover the instant situation.

It is clear, therefore, that testimony pertaining to pre-September 11 negotiations and to the intended purpose of an unambiguous contractual provision was allowed in evidence. This testimony even went beyond defendant's offer of proof. Under such circumstances, there is no factual basis for de-

fendant's argument that pertinent and material evidence was not received or that it was denied a full and fair hearing in this regard.

The weight and effect of the testimony was, of course, for the board's determination, and as "[t]he merits of the controversy between the parties are not subject to judicial review" (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal. 2d 228, 233 [174 P.2d 441]; *Straus* v. *North Hollywood Hospital, Inc.*, 150 Cal.App.2d 306, 310 [309 P.2d 541]) and defendant has not presented any further contentions for our consideration, his appeal must fail.

An appeal from an order denying a motion to vacate an award does not lie for such is in effect an appeal from the order confirming the award (see *Glesby* v. *Balfour, Guthrie & Co., Ltd.*, 63 Cal.App.2d 414, 417 [147 P.2d 60]) or the judgment entered thereon and will be reviewed upon an appeal from the confirmation order or the judgment. (Code Civ. Proc., § 1293.) Furthermore, if a judgment has been entered upon an order confirming the award, there is no appeal from the order but only from the judgment.

The purported appeals from the order denying the motion to vacate and the order confirming the award are dismissed. The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.