WOOD, P. J.
 

 Plaintiff appeals from an order confirming an arbitration award. Her notice of appeal also states that she appeals from an order denying her motion to vacate
 
 *11
 
 the award, but the last-mentioned order is not appealable.
 
 (Hyatt
 
 v.
 
 Eckel Valve Co.,
 
 169 Cal.App.2d 35, 39 [336 P.2d 551].) She contends that the evidence was uncontradicted that the amount of her damages was far in excess of the amount of the award, and that attorney’s fees and costs should have been awarded to her.
 

 On November 27, 1957, the plaintiff (a physician), as owner of land, and the Modiano Construction Co., Inc., as contractor, entered into a written agreement whereby the contractor agreed to construct a medical building on the land for the amount of $29,000. The contract provided, among other things, that any controversy or claims arising out of the contract “shall be settled by arbitration in accordance with the Rules of the American Arbitration Association,” and that judgment upon the award of the arbitrators might be entered. The contract also provided: “Should either party hereto bring suit in court to enforce the terms hereof any judgment awarded shall include court costs and reasonable attorney’s fees to the successful party. ’ ’
 

 On December 2, 1958, the plaintiff, as owner, and ModianoSchneider, Inc., as contractor, entered into a written contract whereby the contractor agreed to construct a second story on part of the building referred to in the former contract. The contract price was $5,800. The contract provided, among other things, that all questions as to the rights and obligations under the contract, and the plans and specifications are subject to arbitration; that in case of dispute either party may make a demand for arbitration by filing such a demand with the other; that a decision of the arbitrators “shall be a condition precedent to any right of legal action”; that the arbitrators, if they deem that the case demands it, are authorized to award to the party whose contention is upheld such sums as they shall deem proper for the time, expense, and trouble incident to the appeal; that the arbitrators shall fix their own compensation, and shall assess costs and charges of the arbitration against either or both parties. The contract contained the same provision as the former contract relative to costs and attorney’s fees in the event either party should bring suit in court.
 

 On October 28,1959, the owner commenced an action against the contractors for damages for breach of the contracts, alleging that they failed to complete the building and to comply with the plans and specifications. In that action the owner
 
 *12
 
 sought to recover $41,375 as compensatory damages, $50,000 as punitive damages, and $3,500 as attorney’s fees.
 

 In their answer, the contractors denied the allegations as to breach of contracts, and they alleged that the contracts provided that all questions as to the rights and obligations arising under the contracts are subject to arbitration; and that the plaintiff had not made written demand for arbitration.
 

 On May 18, 1960, the owner filed, in the office of the American Arbitration Association in New York, a demand for arbitration. The claims of the owner or the relief sought by her, as stated in the demand, were as follows: Completion, or costs of completion, of the medical building in accordance with the plans and specifications. Loss in rental value and rental income since the date the building was to be completed. Loss of income (from X-ray, laboratory, physiotherapy, and general practice) due to delay in construction of the building. Loss of use of money paid for land, building, and equipment by reason of the delay. Cost of X-ray equipment required to be replaced on account of acts, or omissions, of the contractors. “Loss in value of building as built compared to value of building as contracted for.’’ Costs, expenses, losses, including attorney’s fees, arbitration costs and independent surveys in connection with the contracts. Punitive damages. All further proper relief. Relief for breach of contract and for fraud.
 

 A counterclaim allegedly filed by the contractors is not in the record on appeal.
 

 The parties selected three arbitrators from a list submitted by the arbitration association, and the parties agreed that the controversies should be resolved by regarding the contractors .as one party.
 

 Four arbitration hearings were held, and on November 10, 1960, two of the arbitrators made and signed an award. (It does not appear whether the other arbitrator participated in the hearings.) The award was as follows: The contractors shall pay to the owner $5,795. The owner shall deliver a third deed of trust to the contractors to secure the $3,800 note (note referred to in contract of December 2). The owner shall make all payments of principal and interest due to date on all notes and shall release to the contractors all money held by Sutro and Company (finance company). Each party shall pay his own attorney’s fees. The fees and expenses of the arbitration association, in the total amount of $1,785.50, shall be borne equally. The award is in full settlement of all claims filed by either party.
 

 
 *13
 
 The contractors made a motion for an order confirming the award; and the owner made a motion for an order vacating' the award.
 

 Although the order denying the motion to vacate the award is not appealable, it may be reviewed on the appeal from the order confirming the award.
 
 (Hyatt
 
 v.
 
 Eckel Valve Co., supra,
 
 p. 39.)
 

 The motion for an order vacating the award was made on the ground that “the arbitrators exceeded their powers and so imperfectly executed them, that a mutual, final and definite award, upon the subject matter submitted, was not made.” The owner also stated that, in the event her motion to vacate was denied, she would make a motion for an order correcting the award so that it would provide that attorney’s fees and court costs be awarded to her.
 

 The owner’s declaration, in support of her motion to vacate the award, stated in substance, as follows: The arbitrators imperfectly executed their powers by not awarding her litiga.tion costs and attorney’s fees. The award of damages was so greatly disproportionate to the actual damages sustained that it would be a miscarriage of justice to allow the arbitration award to be entered as a judgment. The contractors altered the plans and specifications and in many other ways took undue advantage of her, and that punitive damages should be awarded. Her expenses for litigation amounted to $6,728.71, which amount included items as follows: attorney fees— $4,200; expert witness fees-—$1,250; arbitration fees— $917.50; reporter fees—$214.75; trips to Sacramento to appear before the State Contractors’ Board—$60; miscellaneous costs —$86.46. The damages sustained by her amounted to $67,289.87, which amount included items as follows: completing the building—$5,155.49; loss of rentals—$17,018; interest on money invested in building and equipment—$2,770.38; loss of earnings by reason of lack of space in her former office and by reason of the various appearances in the case and the consultations with her attorneys—$28,500.
 

 Appellant argues that since she alleged in her declaration that her actual damages amounted to $74,133, and since the contractors did not offer any evidence in refutation of her. claim, the amount of the award was, as a matter of law, grossly disproportionate to the amount of her damages, and the court was required to correct the award. She also argues that, according to the contracts, attorney’s fees and costs were allowable to her “as the prevailing party as a matter of right.”
 

 
 *14
 
 Findings of arbitrators on questions of fact are final and conclusive and are not subject to judicial review, except under certain circumstances specified by statute, such as fraud, corruption, prejudicial misconduct in procedural matters, exceeding arbitrators' powers, or so imperfectly executing those powers that a mutual, final, and definite award was not made. (See
 
 Crofoot
 
 v.
 
 Blair Holdings Corp.,
 
 119 Cal.App.2d 156, 184, 185 [260 P.2d 156]; 5 Cal.Jur.2d § 52, pp. 120-121; Code Civ. Proc., § 1288—in effect at the time of the arbitration agreement.) Where an arbitration agreement is a general one, and is not qualified with reference to submission of law matters, the determinations of the arbitrators on questions of law are not subject to judicial review. (5 Cal.Jur.2d § 52, p. 120.) In the present case, it is not contended that there was any fraud, corruption, misconduct, or exceeding of powers. (The owner did assert in the trial court that the arbitrators executed their powers so imperfectly that a mutual, final, and definite award was not made.) Also, in the present ease, it is apparent that the arbitration agreement was a general one. It thus appears that the trial court was not authorized to review the arbitrators’ findings of fact or determinations of law, except as to the owner’s claim that the arbitrators so imperfectly executed their powers that a mutual, final, and definite award was not made.
 

 The owner’s claim, with reference to such asserted imperfect execution of powers, is to the effect that the amount of damages awarded was inadequate and that attorney’s fees and costs should have been allowed. The sufficiency of the evidence to support the award is not a matter to be reviewed by the court.
 
 (Crofoot
 
 v.
 
 Blair Holdings Corp.,
 
 119 Cal.App.2d 156, 185 [260 P.2d 156];
 
 Case
 
 v.
 
 Alperson,
 
 181 Cal.App.2d 757, 761 [5 Cal.Rptr. 635].) “Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.”
 
 (Sapp
 
 v.
 
 Barenfeld,
 
 34 Cal.2d 515, 523 [212 P.2d 233].) “Every intendment of validity must be given the award.”
 
 (Grunwald-Marx, Inc.
 
 v.
 
 Los Angeles Joint Board,
 
 52 Cal.2d 568, 589 [343 P.2d 23].) It is to be noted that the statutory provision regarding imperfect execution of powers was to the effect that an award must be vacated where the arbitrators “so imperfectly executed” their powers “that a mutual, final and definite award” was not made. (Code Civ.
 
 *15
 
 Proc., § 1288—in effect at the time of arbitration.) It is apparent that the award herein was mutual, final, and definite.
 

 As to attorney’s fees and costs, it is to be noted (1) that one of the construction agreements provided that any claim should be settled by arbitration in accordance with the Rules of the American Arbitration Association; and (2) that the other agreement provided that the arbitrators were authorized to award to the party whose claim is upheld such sums as they shall deem proper for the time, expense, and trouble incident to the appeal (arbitration), and that the arbitrators shall assess costs and charges of arbitration upon either or both parties. It is not contended herein that the decision of the arbitrators with respect to attorney’s fees and costs was not in accordance with the rules of the American Arbitration Association. The award included a direction that the contractors pay a certain amount to the owner, and that the owner deliver a trust deed to the contractors and pay to them principal and interest on notes and release to them money held by the finance company. It appears from the construction agreements that the arbitrators were authorized to determine the matter of attorney’s fees and costs. As above indicated, the arbitrators could base their decision upon broad principles of justice and equity. It is to be conclusively assumed that the evidence produced at the arbitration hearings supports the decisions of the arbitrators that each party should pay his own attorney’s fees, and that costs should be borne equally. (See
 
 Crofoot
 
 v.
 
 Blair Holdings Cory.,
 
 119 Cal.App.2d 156, 190 [260 P.2d 156].)
 

 The purported appeal from the order denying the motion to vacate the award is dismissed. The order confirming the award is affirmed.
 

 Fourt, J., and Lillie, J., concurred.