[Civ. No. 27974.   Second Dist., Div. Two.   Aug. 21, 1964.]

JACQUELINE HOHN, Plaintiff and Respondent, v. AN-
DREW V. HOHN et al., Defendants and Appellants.

Crispus A. Wright for Defendants and Appellants.

Tredway & Brandmeyer and Harold T. Tredway for Plaintiff and Respondent.

ASHBURN, J.*—This is an arbitration proceeding which was commenced on December 8, 1961. An award was made in favor of petitioner-respondent Jacqueline Hohn on April 29, 1963. Motion to confirm the award was granted on June 17, 1963. Judgment thereon was rendered on September 4, 1963. On August 15, 1963, several weeks before the judgment was filed, Andrew V. Hohn filed notice of appeal "from that Order confirming award of Arbitrators." No notice of appeal from the judgment *eo nomine* was ever filed and, the notice of August 15, 1963 having been filed before any judgment was rendered, it could not fairly be construed upon its face as a reference to anything other than the award. Indeed, appellants' opening brief says: "It is from this Order Con-

---

*Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

firming Award of Arbitrators that appellant appeals in this matter.''

■ This court said in *Hyatt* v. *Eckel Valve Co.*, 169 Cal. App.2d 35, 39 [336 P.2d 551], that ''if a judgment has been entered upon an order confirming the award, there is no appeal from the order but only from the judgment.'' This decision was rendered in March 1959. The Legislature made this rule clear in 1961 with respect to future proceedings.

Prior to enactment of a 1961 revision of the arbitration statute, section 1293, Code of Civil Procedure, had read:

''§ 1293. An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action.''

Effective on September 15, 1961, chapter 461, section 1, of the Statutes of 1961 (p. 1540) repealed title 9 (commencing with § 1280) of part 3 of the Code of Civil Procedure, the entire arbitration statute, and enacted a new title 9 on the same subject. This resulted in the repeal of section 1293 above quoted, enactment of a new 1293 having nothing to do with appeals[1] and a new section 1294 defining appealable orders in arbitration as follows:

''§ 1294. An aggrieved party may appeal from:

''(a) An order dismissing or denying a petition to compel arbitration.

''(b) An order dismissing a petition to confirm, correct or vacate an award.

''(c) An order vacating an award unless a rehearing in arbitration is ordered.

''(d) A judgment entered pursuant to this title.

''(e) A special order after final judgment.'' 'Under its terms an order confirming an award is not appealable, only the judgment thereon. If this is not an appeal from the judgment we have no jurisdiction to entertain it, though respondent has not raised the point. (*Cole* v. *Rush,* 40 Cal.2d 178 [252 P.2d 1]; *Estate of Brady,* 32 Cal.2d 478, 479-480 [198 P.2d 881]; *Collins* v. *Corse,* 8 Cal.2d 123, 124 [64 P.2d 137]; 4 Cal.Jur.2d § 498, p. 337.)

■ However, rule 2(c) of California Rules of Court comes to appellants' rescue. The last sentence says ''A notice

---

[1] ''§ 1293. The making of an agreement in this State providing for arbitration to be had within this State shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement by the making of any orders provided for in this title and by entering of judgment on an award under the agreement.''

of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment.'' When read in the light of pertinent decisions such as *Luz* v. *Lopes,* 55 Cal.2d 54 [10 Cal.Rptr. 161, 358 P.2d 289]; *Larrus* v. *First National Bank,* 122 Cal.App.2d 884, 886 [266 P.2d 143]; *People* v. *McShane,* 126 Cal.App.2d Supp. 845, 846-847 [272 P.2d 571]; *Perry* v. *First Corp.,* 167 Cal.App.2d 359, 368 [334 P.2d 299]; *Nelson* v. *Angel,* 94 Cal.App.2d 136, 139 [210 P.2d 250], the notice of appeal—''from that Order confirming award of Arbitrators''—filed between the date of order confirming award and ''judgment confirming award'' seems to have been intended to reach whatever was appealable; aside from confirmation through minute order or formal judgment there was nothing else for the losing party to complain of. In his request for clerk's transcript filed in 1963, appellants' counsel called for both the order confirming the award and the judgment roll; the clerk has included both documents in his transcript.

The above cited authorities make it clear that using the word ''order'' for ''judgment'' or vice versa in the notice of appeal is not fatal if the intent of the dissatisfied party is indicated with reasonable clarity in the light of the surrounding circumstances.

*Luz* v. *Lopes, supra,* 55 Cal.2d 54, 59, after quoting subdivision (a) of rule 1 of the California Rules of Court which concludes with the words ''A notice of appeal shall be liberally construed in favor of its sufficiency'' says (at pp. 59-60):

''Under this rule, and prior to its adoption, it is and has been the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced. There are many cases in which, under this rule, the word 'judgment' has been interpreted to mean 'order,' and vice versa. Thus in *Adams* v. *Talbott,* 20 Cal.2d 415 [126 P.2d 347], the notice of appeal stated that the appeal was taken 'from the judgment rendered in favor of the defendant.' This notice was filed after the expiration of the time for an appeal from the judgment. It was held that since it was apparent what appellant was seeking to have reviewed, the notice even though it read 'judgment' should be inter-

preted to mean that it referred to a subsequent appealable order. In the same way, and for the same reasons, in *Perry* v. *First Corporation,* 167 Cal.App.2d 359 [334 P.2d 299], where the notice of appeal described the 'judgment' the court construed it as an appeal from a minute order. (See also *Holden* v. *California Emp. etc. Com.,* 101 Cal.App.2d 427 [225 P.2d 634].) The converse is also true. Notices of appeal describing an 'order' have been construed to mean 'judgment.' Thus in *Collins* v. *City & County of San Francisco,* 112 Cal. App.2d 719 [247 P.2d 362], the notice of appeal described a minute order of a given date. It was construed as an appeal from a 'judgment' of a different date. In *Evola* v. *Wendt Construction Co.,* 158 Cal.App.2d 658 [323 P.2d 158], the notice of appeal described the appeal as being taken from the order sustaining the demurrer without leave to amend. It was construed as an appeal from the judgment subsequently entered. (See also *Girard* v. *Monrovia City School Dist.,* 121 Cal.App.2d 737 [264 P.2d 115] ; *Karrell* v. *Watson,* 116 Cal. App.2d 769 [254 P.2d 651, 255 P.2d 464].)

"In the instant case, there is no showing that plaintiffs were or could have been misled or prejudiced because of the ambiguous language of the notice of appeal. In fact, quite the contrary appears. . . . This is a proper case, under the authority of the cases already cited, *supra,* where the words 'orders and rulings' should be interpreted to mean 'judgment.' Thus the present appeal is not only from the order denying the motion for relief from default, but also from the judgment." ■ It seems apparent that respondent could not have been misled at bar.

■ We therefore feel constrained to treat the record as showing "good cause" within rule 2(c), as was done in *Larrus* v. *First National Bank, supra,* 122 Cal.App.2d 884, 886, though no good cause was actually shown by or on behalf of appellants.

We proceed to a consideration of the merits, but appellants' position is not improved thereby.

We do not have before us the complaint in the action, but the amended petition for order for arbitration to proceed, filed by Jacqueline Hohn, alleges the making of a lease from her as landlord to Andrew V. Hohn and Mary Grace Hohn as lessees, for a period of 15 years, covering property in Los Angeles County known as 'the Plum Canyon Hog Ranch and providing that the premises should be used for the sole purpose of conducting thereon a general hog raising business. Also that:

"A controversy has arisen out of said contract and now exists and is as follows: Lessees claim that said lessees are prohibited by legal authority from maintaining a hog ranch on the demised premises and thereby and by virtue of the provisions of said lease, said lease is terminated" and:

"Said written contract contains a provision to settle by arbitration any controversy arising out of the contract or the refusal to perform the whole or any part thereof."

It further alleges that although petitioner and lessees respectively had appointed an arbitrator, those two appointees were unable to agree upon an independent third arbitrator as provided by the terms of the lease. The prayer was for appointment of such third arbitrator by the court and for other appropriate relief. The board was thus completed, hearings were held by the arbitrators, who made their award containing these findings:

"The lease duly and legally entered into on May 18, 1954 by and between PETITIONER, JACQUELINE E. HOHN as "Landlord" and RESPONDENTS, ANDREW V. HOHN and MARY GRACE HOHN as "Tenants" is a valid, binding lease on the parties; RESPONDENTS as lessee have not been prevented by legal authority from operating a hog ranch on the demised premises, nor has there been a frustration of the purpose of the lease, and therefore, the purported abandonment of the demised premises by RESPONDENTS, as tenants, was ineffectual and unjustified, and constituted a breach of the terms of the lease."

The arbitrators then ordered that petitioner Jacqueline Hohn recover from Andrew V. Hohn and Mary Grace Hohn the sum of $6,900 accrued rent with interest in the sum of $615.18, the sum of $850 for repairs and restoration of the premises, plus $1,172.54 for taxes paid by petitioner, with interest thereon.

The entire argument of appellants herein is devoted to an assault upon the correctness of these findings and conclusions of the arbitrators.

The record before us includes no reporter's transcript and hence this must be treated as a judgment roll appeal and the sufficiency of the evidence cannot be reviewed. (*White* v. *Jones,* 136 Cal.App.2d 567, 569-571 [288 P.2d 913]; *Tibbets* v. *Robb,* 158 Cal.App.2d 330, 337 [322 P.2d 585]; *Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673, 680 [22 P.2d 5]; *Sacre* v. *Imperial Water Co. No. 3,* 206 Cal. 13, 14 [272 P. 1044].)

■ More important and basic, however, is the rule that an appeal in an arbitration proceeding does not afford an avenue for challenging a finding of fact or law made by the arbitrators in the absence of fraud, corruption, prejudicial misconduct in procedural matters, exceeding the arbitrators' powers, or so imperfectly executing those powers that a mutual, final and definite award has not been made (*Olivera* v. *Modiano-Schneider, Inc.*, 205 Cal.App.2d 9, 14 [23 Cal.Rptr. 30]), for their determination is conclusive upon the court as well as the parties. None of these exceptions to the general rule is claimed to exist in this case.

■ *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156 [260 P.2d 156], is a leading case on the subject. The court said at page 165:

"The opinion and award of the arbitrator are the sole guide to the evidentiary facts upon these appeals. The court is not called upon to review the evidence produced before the arbitrator, and such is not included in the record on appeal. The record consists of the opinion and award of the arbitrator, of the pleadings in the various court actions, and the proceedings upon confirmation of the award."

■ At pages 184-186: "It is conceded by all here involved that, under the statute and the terms of the arbitration agreement, the superior court upon motion to confirm, and this court on appeal, has no power to review the sufficiency of the evidence to sustain the award, and in fact the evidence produced before the arbitrator is not even made a part of the record on appeal. Under the 1927 statute, it is well settled that both before the superior and appellate courts every intendment of validity must be given the award and that the burden is upon the one claiming error to support his contention. [Citation.] ■ It has been held that the arbitrator need not make findings or give reasons for his conclusions. [Citation.] ■ Certainly it is settled that the courts have no power to review the sufficiency of the evidence. [Citations.] The law is not quite so clear as to a court's powers of review over questions of law. The earlier cases held that the court had the power to review errors of law, at least where they appeared upon the face of the award.* [Citations.] The later cases have gone much farther in granting finality to the award even as to questions of law. In *Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal.2d 228, 233 [174 P.2d 441], it was

---

"*But even prior to 1927 it was held that only 'gross' errors of an arbitrator were reviewable—*In re Connor*, 128 Cal. 279, 282 [60 P. 862]."

bluntly held that 'The merits of the controversy between the parties are not subject to judicial review.' In *Sapp* v. *Barenfeld,* 34 Cal.2d 515, 523 [212 P.2d 233], the court held: 'Even though a party expressly asserts a lawful claim in the submission or raises it by the presentation of evidence to the arbitrators, the law does not guarantee that the claim will be allowed. Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.' [Citations.] In *United States* v. *Moorman,* 338 U.S. 457 [70 S. Ct. 288, 94 L.Ed. 256], the United States Supreme Court, in upholding as final the arbitrator's determination, held that, whether the problem raised was one of law or of fact, the courts should not fritter away the arbitrator's powers under the guise of interpretation.

"Under these cases it must be held that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute."

As nothing has been presented which an appellate court is competent to review the

Judgment confirming award of arbitrators is affirmed.

Herndon, Acting P. J., and Roth, J., concurred.