[Civ. No. 46061. First Dist., Div. One. Jan. 17, 1980.]

CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD, Plaintiff and Appellant, v. DAVID D. BOHANNON ORGANIZATION, Defendant and Respondent.

---

**COUNSEL**

Van Bourg, Allen, Weinberg & Roger and David A. Rosenfeld for Plaintiff and Appellant.

David M. Wilson, Frederick T. Williams and Dinkelspiel, Pelavin, Steefel & Levitt for Defendant and Respondent.

## OPINION

**GRODIN, J.**—On June 9, 1976, appellant union filed a petition in the San Francisco Superior Court to confirm an arbitration award which had been rendered in a dispute between the union and the respondent employer. On September 16, 1976, the court signed a minute order denying the union's petition and thereafter, on February 23, 1977, it filed findings of fact and conclusions of law, concluding with an order that the union's petition be dismissed and that the respondent recover its costs of suit. Some 19 months later, in September of 1978, the union submitted to the court a proposed "Judgment" denying confirmation of the award, and the judgment was signed and filed on September 18, 1978. Thereafter, on October 19, 1978, the union filed notice of appeal.

Respondent contends that the notice of appeal was untimely filed and we agree. Under rule 2(a) of the California Rules of Court, notice of appeal must be filed within specified time periods, but in any event no later than 180 days "after the date of entry of the judgment." "Judgment" is defined in rule 40(g) to include "any judgment, order or decree from which an appeal lies." An order dismissing a petition to confirm an arbitration award is an appealable order under Code of Civil Procedure section 1294, subdivision (b), and therefore constituted a "judgment" within the meaning of the Rules of Court. The clock started running from the date that order was filed.[1]

Appellant points to the fact that Code of Civil Procedure section 1294 permits appeal from five different types of judicial actions: "(a) An order dismissing or denying a petition to compel arbitration. (b) An order dismissing a petition to confirm, correct or vacate an award. (c) An order vacating an award unless a rehearing in arbitration is ordered. (d) A judgment entered pursuant to this title. (e) A special order after final judgment." From this appellant argues that the Legislature must have intended that a losing party have the option of appealing from either an order or a subsequent judgment, even though the judgment is entered long after the entry of the order, adds nothing to the order, and is obtained by the losing party for the sole purpose of resetting the clock for purposes of appeal. To ascribe such a whimsical intent to the Legislature would be to ignore the function which the limi-

---

[1]The record is unclear as to the nature and mode of entry of the September 16, 1976, minute order. It is unnecessary for us to decide whether appellant could have appealed from that order (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 357-361), since it is clear that the court's formal order of February 23, 1977, was appealable.

tations period on appeals presumably serves. At some point litigation must come to an end, and the parties to litigation are entitled to know when that point has arrived. The facts of this case illustrate that proposition. The award which appellant sought to confirm was issued on May 3, 1976, and had the effect of declaring that respondent was party to a then current collective bargaining agreement with the union by virtue of a document which it signed February 2, 1973. When the trial court entered its order denying confirmation of that award, and the applicable period of limitations for appeal from that order had expired, respondent was entitled to assume that it was not legally bound by that agreement and to act accordingly. To allow an appeal approximately one year later on the basis suggested by appellant would, in effect, constitute an impermissible collateral attack. (Cf. *Estate of Wemyss* (1975) 49 Cal.App.3d 53, 58 [122 Cal.Rptr. 134]; and see *Lamb* v. *Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1011-1012 [148 Cal.Rptr. 273].)

The language of the arbitration statute does not compel such a result. ▆ Section 1294, subdivision (d) provides for appeal from "A judgment entered pursuant to this title," referring to title 9 of part III of the Code of Civil Procedure. The only judgment expressly provided for in title 9 is a judgment upon an award which has been confirmed. (Code Civ. Proc., § 1287.4.) While section 1294 makes appealable an order dismissing a petition to confirm, correct, or vacate an award, or an order vacating an award, it says nothing about an "order" confirming an award. The implication is quite clear. If the court decides to confirm an award, section 1287.4 provides that "judgment shall be entered in conformity therewith," and it is the judgment that is appealable, not the order. (*Hohn* v. *Hohn* (1964) 229 Cal.App.2d 336, 338 [40 Cal.Rptr. 125]; cf. *Arrieta* v. *Paine, Webber, Jackson & Curtis, Inc.* (1976) 59 Cal.App.3d 322, 326, fn. 1 [130 Cal.Rptr. 534].) There is thus no overlap between the "judgments" which are appealable under section 1294, subdivision (d) and the "orders" which are appealable under other subdivisions.[2] We conclude that this court is without

---

[2]Appellant's reliance upon *Crofoot* v. *Blair Holdings Corp.* (1953) 119 Cal.App.2d 156 [260 P.2d 156], is therefore misplaced. *Crofoot* was decided under a previous statute which provided that "An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award. . . ." Appellants in that case appealed separately from an order correcting and confirming an award *and* from the judgment entered on the award. The court observed that this section "makes either the order of confirmation 'or' the judgment appealable," but went on to say that it was unnecessary to decide whether the section requires an election between the two alternatives since the parties appealed from both. (*Id.*, at p. 162.) Since the current statute does not provide for appeal from an order confirming an award, these alternatives no longer exist.

jurisdiction to consider the appeal. (*Nu-Way Associates, Inc.* v. *Keefe* (1971) 15 Cal.App.3d 926 [93 Cal.Rptr. 614].) The appeal is dismissed.

Elkington, Acting P. J., and Newsom, J., concurred.