[No. C045175. Third Dist. Mar. 22, 2005.]

SHELLIE CUMMINGS, Plaintiff and Appellant, v.
FUTURE NISSAN, Defendant and Respondent.

COUNSEL

Stephan A. Mandell, Martin F. Jennings, Jr.; and Leo Donahue for Plaintiff and Appellant.

Weintraub Genshlea Chediak Sproul, Thadd A. Blizzard, Charles L. Post and Thomas L. Riordan for Defendant and Respondent.

OPINION

**DAVIS, J.**—Plaintiff Shellie Cummings filed this action for damages from an allegedly wrongful dismissal from her employment with defendant Future Nissan. The defendant answered and successfully moved to compel arbitration pursuant to a two-tiered procedure contained in her employment contract. Although the initial arbitration award was in the plaintiff's favor, upon a second-level review the "appellate" arbitrator reversed the initial award and found in favor of the defendant. The trial court issued an order granting the defendant's motion to confirm the award and denying the plaintiff's motion to vacate it.

In a premature appeal from the order, the plaintiff raises various meritless arguments against the enforceability of the arbitration clause in general and its provision for a second level of review in particular. As she was aware of these grounds at the time the defendants moved to compel arbitration but failed to raise them, we hold that she has forfeited plenary consideration of them. We also hold that her complaints about the manner in which the arbitration proceeded are meritless: she is responsible for any delay; the employer bore all the costs; the creation of a "settled record" of the initial arbitration proceeding with the assistance of the initial arbitrator is contractually authorized and is not unconscionable; and, most importantly, the contract permissibly invested the second arbitrator with a broader standard of review than a court could apply to the intitial award. As the plaintiff does not otherwise have any meritorious basis for opposing the confirmation of the award, we shall affirm.

BACKGROUND

The complaint alleged that the plaintiff had worked in the defendant's finance department for about 16 months, where she was the object of sexual harassment, and also of retaliation for her complaints about the harassment. She further alleged that the defendant dismissed her in retaliation for reporting the illicit financing activities of a coworker.

The defendant and Don Rybolt (a codefendant not a party to this appeal because the initial arbitration award did not assess any damages against him) answered, then moved about two months later to compel arbitration pursuant to the plaintiff's employment agreement. The plaintiff resisted on the grounds that the defendant had waived arbitration and the absence of any consideration for the arbitration agreement (which was not executed until after her hire). The trial court granted the motion, rejecting both of the plaintiff's arguments.[1]

In March 2002, an arbitrator (Raul Ramirez) issued an award against the defendant of $159,000 for a dismissal in violation of public policy. He found that the defendant had failed to rebut a prima facie case of retaliation for the plaintiff's report about a coworker's practice of fraudulently overstating vehicle values in loan applications to ensure approval for his customers.[2] The arbitrator found against the plaintiff on her other claims.

The defendant moved the arbitrator for a modification of the award on the ground that he refused to admit evidence rebutting the prima facie case. At the same time, it filed in the trial court a copy of its request for a second-level review of the award pursuant to the contractual arbitration procedure, with the advisement that it might need the court to appoint a second-level arbitrator if it could not reach agreement with the plaintiff.[3]

While the modification motion was pending before Arbitrator Ramirez, the plaintiff petitioned the trial court to confirm the initial arbitration award. She asserted that the provision for a second level of arbitral review was unconscionable (noting the issue was then pending in the Supreme Court involving the same contractual language) and thus unenforceable, for which reason the court should strike it. The plaintiff also sought sanctions for the defendant's attempt to invoke the contractual review procedure.

The trial court denied the petition to confirm as premature, finding nothing in the second-level review to be unconscionable under *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 [99

---

[1] The plaintiff does not renew these on appeal.

[2] He reached this conclusion even though the coworker was later dismissed for this conduct.

[3] The agreement provided in pertinent part, "at either party's written request . . . , [the award] shall be subject to affirmation, reversal[,] or modification, following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, *proceed according to the law and procedures applicable to appellate review by the California Court of Appeal of a civil judgment following [a] court trial.*" (Italics added.)

Cal.Rptr.2d 745, 6 P.3d 669] (*Armendariz*),[4] as long as the defendant bore the costs of the review and it was completed within a reasonable time, because it was equally applicable to both parties and did not otherwise derogate the purpose of contractual arbitration. The order also noted the failure of the plaintiff to have raised the issue in her initial opposition to arbitration (although the trial court stated at the hearing that it was not finding a formal waiver on the plaintiff's part but was curious why she had not raised the issue earlier).

Arbitrator Ramirez subsequently denied the modification motion. He found that he lacked jurisdiction to correct any error he might have made in excluding evidence.

The parties soon afterward stipulated to the appointment of George Paras as the second arbitrator. The plaintiff argued that the record should be limited to the initial award and exhibits, and that the standard of review should be the same as for a court on a motion to confirm an arbitration award (e.g., *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899] (*Moncharsh*)); thus, she was entitled to sanctions for a frivolous appeal. Arbitrator Paras, however, issued an order directing the parties to work with Arbitrator Ramirez in developing a settled statement. The plaintiff filed objections with Arbitrator Paras and lodged objections with the trial court. Arbitrator Paras issued a second order reiterating the propriety of preparing a settled statement with the aid of Arbitrator Ramirez. The plaintiff then filed a motion to dismiss the appeal, which Arbitrator Paras denied in a third order.

At this point, the plaintiff moved in the trial court for reconsideration of the May 2002 order denying the motion to confirm the initial award, and for sanctions. She asserted that the scope of review proposed for the second level rendered the proceedings unconscionable. Some 390 pages of filings later, the trial court denied the motion on July 30, 2002, as untimely and lacking any new facts warranting reconsideration.

The parties crafted a settled statement with the assistance of Arbitrator Ramirez, which Arbitrator Paras reviewed in December 2002 and January 2003. After the parties submitted their briefing to Arbitrator Paras (and the plaintiff moved yet again for sanctions for a frivolous appeal), the superior

---

[4] *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1081 [130 Cal.Rptr.2d 892, 63 P.3d 979] (*Little*), subsequently held that the *Armendariz* conditions for enforcing an arbitration agreement involving statutory rights applied to arbitration of claims for dismissals in violation of public policy.

court issued an order to show cause sua sponte to consider the effect of *Little* (decided the previous day) on a provision for appellate arbitral review. After considering the briefing of the parties (who did not request a hearing), the court concluded "*Little* . . . made a general comment that appellate review is in some respects more favorable to employers [see *id.* at p. 1074], [but] its holding is limited to the particular arbitral appeal provision before it . . . permitt[ing] appeal only of awards exceeding $50,000, a provision which would rarely, if ever, benefit an employee, since an employee could not appeal a defense verdict." As the present provision for arbitration did not contain any threshold, the trial court concluded it was not unconscionably one-sided as the one in *Little*. It thus confirmed its previous ruling.

After entertaining the parties' oral arguments, Arbitrator Paras issued his award in May 2003. He reversed the award for the plaintiff on the legal ground that the public policy she identified was not an issue of general public importance (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 669 [254 Cal.Rptr. 211, 765 P.2d 373]; cf. *Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 82–83 [78 Cal.Rptr.2d 16, 960 P.2d 1046]) such that she was entitled to damages for a wrongful dismissal in retaliation for her efforts to report a violation.

The defendant moved to confirm the award. The plaintiff moved to vacate the award, once again requesting sanctions. The court granted the motion to confirm and denied the motion to vacate in a formal order filed in August 2003. It again rejected the plaintiff's claim that a second-level review was in any fashion unconscionable, it found that the second-level review proceeded in accordance with the contemplation of the arbitration agreement, and it rejected the plaintiff's attempt to review the merits of the legal conclusion that a public policy of general importance was not involved in her dismissal. The plaintiff purported to appeal from the order without obtaining a judgment on it (as well as the earlier rulings of the trial court over the previous two years).

DISCUSSION

*I*

■ An appeal lies only from the *judgment* entered on an order confirming an arbitration award, not from the order. (*Hohn v. Hohn* (1964) 229

Cal.App.2d 336, 338 [40 Cal.Rptr. 125] (*Hohn*); *Carpenters 46 Northern Cal. Counties Conf. Bd. v. David D. Bohannon Organization* (1980) 102 Cal.App.3d 360, 363 [161 Cal.Rptr. 296] (*Carpenters*); Code Civ. Proc., §§ 1287.4, 1294.) This is a fundamental appellate principle, and is applied, for example, in the context of demurrers and summary judgment.

The defendant alerted the plaintiff to this problem in its brief and noted the proper remedy: obtaining a judgment and asking us to treat the appeal as premature. (*Hohn, supra*, 229 Cal.App.2d at pp. 338–339; Cal. Rules of Court, rule 2(d).) The plaintiff, however, disdained the suggested remedy, insisting instead that she could appeal from an order *vacating* an arbitration award. (Code Civ. Proc., § 1294, subd. (c).) This is a non sequitur, as the present order *confirmed* the arbitration award. She also cites outdated authority permitting an appeal in the absence of a judgment,[5] because the current statute no longer provides for this option. (*Carpenters, supra*, 102 Cal.App.3d at p. 363, fn. 2.)

When we attempted to ascertain if the defendant had carried out the intended solution expressed in its brief despite the plaintiff's disdain for it, the clerk of the superior court was not able to locate any judgment. When the defendant learned of this lacuna, it submitted another judgment for signature nunc pro tunc. However, the superior court at last located the original, filed nunc pro tunc to June 29, 2004, and we granted a motion to augment the record with it. We thus treat the notice of appeal as premature and proceed to consider the merits of this appeal.

## II

We must reframe the plaintiff's somewhat scattershot attack in her opening brief on the validity of confirming the award for the defendant. *First*, we must determine whether the plaintiff forfeited the issue of unconscionability in the arbitration clause. *Second*, we must determine if the manner in which the second-level "appellate" review proceeded was unconscionable. *Third*, we must determine if the trial court properly confirmed the second award. To the extent the answers to these issues necessarily negate other arguments made by the plaintiff, we will not explicitly address the latter.

---

[5] *Olivera v. Modiano-Schneider, Inc.* (1962) 205 Cal.App.2d 9 [23 Cal.Rptr. 30]; *Glesby v. Balfour, Guthrie & Co., Ltd.* (1944) 63 Cal.App.2d 414 [147 P.2d 60].

## A

The defendant contends that the plaintiff has forfeited her challenge to the provision for a second-level review because she did not raise it in her initial opposition to arbitration. The plaintiff argues that forfeiture should apply only where a party participates in arbitration willingly; as her participation was only pursuant to a court order, this excuses her failure to raise the issue before the initial award in her favor. "Obviously the second arbitrator review clause was not an issue until after the final arbitration award was entered . . . ."

■ *Moncharsh* held that if a party believes the entire contractual agreement or a provision for arbitration is illegal, it must oppose arbitration on this basis before participating in the process or forfeit the claim. (*Moncharsh, supra,* 3 Cal.4th at p. 31.) *Reed v. Mutual Service Corp.* (2003) 106 Cal.App.4th 1359, 1372–1373 [131 Cal.Rptr.2d 524], applied this rule to a claim of an unconscionable "statute of limitations" in the arbitration procedure that a party invoked; "A contrary rule might tempt a party to 'play games' with the arbitration and not raise the issue of illegality until and unless it lost."[6] *Bayscene Resident Negotiators v. Bayscene Mobilehome Park* (1993) 15 Cal.App.4th 119 [18 Cal.Rptr.2d 626] (*Bayscene*) held this rule was not applicable where a party participated under protest in arbitration under compulsion of an ordinance carrying criminal sanctions (rather than a private agreement), and was seeking to challenge the ordinance's constitutionality. (*Id.* at p. 129.) *Alternative Systems, Inc. v. Carey* (1998) 67 Cal.App.4th 1034, 1040–1041 [79 Cal.Rptr.2d 567], extended this exception to situations where a party "did not participate at all except to object." (*Id.* at p. 1041.)

■ The plaintiff misapprehends the lesson of these cases. The "bright line" for application of forfeiture does not lie between those who voluntarily invoke the arbitration process and those who are dragged to the table against their will. The forfeiture rule exists to avoid the waste of scarce dispute resolution resources, and to thwart game-playing litigants who would conceal an ace up their sleeves for use in the event of an adverse outcome. The proper criterion for dividing the sheep from the goats (Matthew 25:32) is a litigant's *knowledge* of a defense to the jurisdiction of the arbitrator.[7] Those who are

---

[6] In dictum, the court asserted the rule would apply even where the party does not discover the basis for opposing arbitration until after the proceedings commence, at which point it must withdraw and commence litigation on the issue of enforceability. The adverse party could then petition to compel arbitration at which time the issue could be addressed. (*Reed v. Mutual Service Corp., supra,* 106 Cal.App.4th at p. 1372, fn. 12.) We do not have any occasion to endorse this dictum.

[7] We use the term in its loosest sense, and do not intend to expound upon the myriad overtones with which "jurisdiction" reverberates.

aware of a basis for finding the arbitration process invalid must raise it at the outset or as soon as they learn of it so that prompt judicial resolution may take place before wasting the time of the adjudicator(s) and the parties.[8] If a trial court compels arbitration nonetheless, the party resisting arbitration may seek review of the ruling on appeal from an order that confirms the award. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648 [9 Cal.Rptr.3d 422].) If the arbitration process is found to be invalid, the responsibility for a waste of resources would then lie with the trial court, not the litigant, and there has not been any hidden trump card. On the other side of the line, a party who knowingly participates in the arbitration process without disclosing a ground for declaring it invalid is properly cast into the outer darkness of forfeiture.

It is thus not an answer for the plaintiff to assert that the second level of review "was not an issue" until after the entry of the Ramirez award. The second-level review was part and parcel of the process in which she was being drawn. Like pregnancy, a dispute cannot be a "little bit" arbitrable. Unless the plaintiff did not expect to prevail, the defendant's invocation of the second-level review would be an inevitable prospect. She was thus obliged to raise any challenge to its unconscionability at the time she initially resisted arbitration. She has therefore forfeited any claim that a bilateral provision for a second level of review of an award is unconscionable on its face,[9] as well as any other challenges to the provisions of the contractual

---

[8] Again, *Bayscene* would excuse the need to seek judicial review of the propriety of refusing to participate in the rare situation that the party risks criminal sanctions for resisting. (*Bayscene, supra,* 67 Cal.App.4th at pp. 1040–1041.)

[9] Relieved of our duty to provide plenary responses, we summarily refute the other arguments in her brief relating to the issue. A second level of review, even if it imports judicial standards for review of a civil judgment on appeal "as far as is practicable" and therefore erodes the traditional informality of arbitration, is not invalid so long as there is no dollar amount threshold for invoking it (which would make it almost exclusively an employer remedy). (*Little, supra,* 29 Cal.4th at pp. 1071, 1073–1074, 1075, fn. 1, 1076 [*enforcing* second level of review after severing dollar threshold for invocation].) The modifier "as far as is practicable" cannot rationally be interpreted as anything other than an effort to recognize unforeseen distinctions between the formalities of the Court of Appeal and an arbitral review of the initial award; it would render the second level of review pointless if the second arbitrator could do no more than a court. Nothing prevents an arbitration with a second level of review from being both speedy and efficient, save for a party's obduracy (such as in this case). *Crowell v. Downey Community Hospital Foundation* (2002) 95 Cal.App.4th 730 [115 Cal.Rptr.2d 810] (*Crowell*) is not apposite, as it concerns efforts to expand contractually a *trial court's* scope of review of a final arbitration award (a distinction that is lost on the plaintiff throughout her brief). The censure in *Heenan v. Sobati* (2002) 96 Cal.App.4th 995, 1000 [117 Cal.Rptr.2d 532], is equally inapposite, involving an effort to admix court-administered arbitration and contractual arbitration, which are often confused (e.g., *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1794, fn. 2 [13 Cal.Rptr.2d 678]).

arbitration clause (which by her own admission she did not first raise until her effort to "confirm" the initial award).[10]

### B

The plaintiff points to a number of aspects of the second level of review as rendering it unconscionable. She cites the length of time to complete it, the costs, the involvement of the original arbitrator in settling the record, the creation of a settled record, and the failure to apply the *Moncharsh* standard of review to the initial award. Assuming this argument can come within the grounds in Code of Civil Procedure section 1286.2 for vacating an award, it nonetheless lacks merit.

As the trial court noted in confirming the award, almost all the delay in this matter is attributable to the plaintiff, and the defendant has paid the costs of arbitration. As a result, the plaintiff is not in a position to complain about either.

In directing the parties to create a settled record of the evidence that Arbitrator Ramirez had considered (which required the participation of Arbitrator Ramirez (cf. Cal. Rules of Court, rule 7)), Arbitrator Paras followed his mandate to act as an arbitral "court of appeal," presumably to aid him on questions regarding the admission, exclusion, or sufficiency of the evidence. There is nothing in the arbitration clause that excludes such issues from the second level of review, and the process of settling a record is a reasonable means of addressing those issues in the absence of a transcript. The involvement of Arbitrator Ramirez did not, in any respect, require him to exceed his role because he was not revising his award, merely assisting the parties in articulating the evidence on which he based it. We cannot find

---

[10] To give summary responses again, these include: her claimed inability to appreciate the meaning of the second-level standard of review to which she agreed, which is not a basis for avoiding the agreement (*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, 1421 [49 Cal.Rptr.2d 191]); the failure to provide expressly that the defendant would bear all arbitration costs, which is irrelevant (*Armendariz, supra,* 24 Cal.4th at p. 113); and a claimed lack of mutuality, because it is not reasonable to infer the defendant's unilateral right to resort to court for nonjury relief from the provision that "by agreeing to this binding arbitration provision, both I and the company give up our rights to trial by jury," nor is it reasonable to infer the defendant's right to change the arbitration provisions unilaterally from its right to change unilaterally any term or condition of employment (cf. *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 801, 803 [79 Cal.Rptr.2d 273]).

anything "unconscionable" about this procedure, nor does the plaintiff provide any apposite authority to that effect. In any event, as Arbitrator Paras "reversed" the initial award on a question of *law*, the plaintiff cannot complain of any prejudice from the use of a settled record.

The quintessence of the plaintiff's confusion on the final issue is expressed in the following quote from her brief: "By reversing the original arbitrator's award on an alleged error of law, this 'second arbitrator' has done what no court in the State of California can do." Here, as elsewhere, she continually falls into the metaphysical mistake of asserting that Arbitrator Paras became a "judge" and therefore was limited in his review of the initial award to the standards *a court* must apply. This is a misreading of the arbitration clause. He did not become a judge; he was still an *arbitrator* acting under a contractual grant of power to indulge in the same *standard of review* that a justice of the Court of Appeal exercises in an *ordinary* civil appeal of a judgment after trial. As we noted in footnote 9, *ante*, it would otherwise be pointless to have a second level of review if the second arbitrator could not do any more than a trial court on a motion to vacate an award. *Moncharsh* thus has no application to the *contractually specified* standard of review of the initial arbitration award, and it is *exactly* because "no court in the State of California" was involved that Arbitrator Paras could revisit the question of law in the initial award.[11] Therefore, he did not act unconscionably.

### C

The plaintiff contends the trial court should not have confirmed the Paras award. None of the grounds we previously discussed provide any basis for this argument. This leaves only her claim that he erred in concluding as a matter of law that her dismissal did not violate a public policy of general public importance. This brings us full circle. "[W]ith narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh, supra,* 3 Cal.4th at p. 11.) She does not articulate any viable exceptions. The trial court therefore properly confirmed the award.

---

[11] It is because we *are* a court in the State of California that we reject plaintiff's one-paragraph claim that the arbitration clause empowers the trial court or us to disregard *Moncharsh* in the review of the Paras award. Indeed, her own authority is to the contrary. (*Crowell, supra,* 95 Cal.App.4th 730.)

### III

The plaintiff maintains that she is entitled to sanctions. Since we have not found any of her arguments to have any merit, she is not entitled to sanctions.

#### DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Nicholson, J., concurred.

A petition for a rehearing was denied April 8, 2005, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 15, 2005.