IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NEWMAN DU WORS, LLP,<br><br>            Respondent,<br><br>       v.<br><br>DR. RAYMOND A. MERCADO, an individual,<br><br>            Appellant,<br><br>LANDMARK TECHNOLOGY A, LLC,<br><br>            Defendant. | No. 85709-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Dr. Raymond Mercado challenges the trial court's order confirming the arbitration award entered in favor of Newman Du Wors LLP. Mercado fails to demonstrate that confirmation of the arbitration award was improper under either California or Washington law. However, the trial court's award of attorney fees to Newman Du Wors was not supported by an adequate record. Accordingly, we reverse and remand as to the trial court's award of attorney fees, and otherwise affirm.

FACTS

On May 24, 2021, Landmark Technology A LLC entered into a fee agreement to have Newman Du Wors represent it in a case filed against it by the State of Washington. The fee agreement contained a provision that the person signing had

the authority to bind Landmark and also personally guarantee the payment of all fees and costs. Additionally, the fee agreement had a provision governing any dispute between the parties, which reads in pertinent part as follows:

> If there is any dispute under this agreement or relating to the attorney-client relationship—including a dispute regarding the amount of fees or quality of service—California law will govern the dispute. But the exclusive venue for a proceeding to resolve the dispute will be (i.e., the action will take place in) Seattle, Washington. You and the Firm agree to waive a proceeding in court and, instead, we will have any dispute decided by an arbitrator. Either you or the Firm may initiate arbitration before [one of several listed arbitration firms]. You and the Firm will equally split the costs of arbitration.

Mercado signed the agreement on behalf of Landmark and as personal guarantor, and promptly paid the $25,000 retainer.

Mercado paid the first few invoices without question or complaint. However, Mercado ceased paying when he received an invoice for over $100,000. Newman Du Wors moved to withdraw from the case in which it represented Landmark and, after the motion was granted, sent a notice of intent to arbitrate to Washington Arbitration and Mediation Services (WAMS) and Landmark. Mercado moved to continue the arbitration, but otherwise did not participate in the proceedings.

The matter proceeded to arbitration despite Landmark and Mercado's nonparticipation. The arbitrator entered an award in favor of Newman Du Wors of $135,500 for legal services and prejudgment interest, plus $2,190 in costs. Newman Du Wors then filed a motion for entry of judgment on the arbitration award. Mercado objected to the motion, asserting that the arbitration agreement was unenforceable and Newman Du Wors failed to adhere to California law concerning arbitration of fee disputes between attorneys and their former clients. The trial court rejected

Mercado's arguments and entered judgment on the arbitration award. Mercado filed a timely notice of appeal.[1]

Subsequently, Newman Du Wors filed a motion for a supplemental award of attorney fees incurred at the trial court in connection with its motion to confirm the arbitration award. Over an objection by Mercado, the court entered a supplemental judgment awarding Newman Du Wors $15,439.94 in attorney fees and costs.

ANALYSIS

I.     Standard of Review

Mercado appeals the trial court's order confirming the arbitration award and entering judgment thereon. Judicial review of a confirmed arbitration award is "exceedingly limited." *Davidson v. Hensen*, 135 Wn.2d 112, 119, 954 P.2d 1327 (1998). Our review does not include examination of the merits of the arbitrator's decision. *ACF Prop. Mgmt., Inc. v. Chaussee*, 69 Wn. App. 913, 919, 850 P.2d 1387 (1993). Rather, our "inquiry into an arbitrator's award is limited to that of the court which confirmed, vacated, modified or corrected that award." *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992).[2]

II.     Notice under California's Mandatory Fee Arbitration Act

Mercado first asserts that the arbitration award should not have been confirmed because Newman Du Wors failed to provide him notice of his right to

---

[1] Mercado purports to appeal on behalf of both himself and Landmark. In Washington, "corporations appearing in court proceedings must be represented by an attorney." *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998). Because Mercado is not a licensed attorney, his appeal is valid only as to himself.

[2] California employs a similarly narrow scope of review, and will not review the merits of the arbitrator's decision. *See Paramount Unified Sch. Dist. v. Teachers Assn. of Paramount*, 26 Cal. App. 4th 1371, 1381, 32 Cal. Rptr. 2d 311 (1994).

nonbinding arbitration, as required by California's Mandatory Fee Arbitration Act[3] (MFAA). Newman Du Wors asserts that it should not be subject to the MFAA as it represented Mercado in a lawsuit in Washington, rather than California. Assuming, without deciding, that the MFAA applies, Mercado fails to demonstrate any error.

California's MFAA establishes a system of alternative dispute resolution specifically designed to address "disputes concerning fees, costs, or both, charged for professional services by licensees of the State Bar or by members of the bar of other jurisdictions." Cal. Bus. & Prof. Code, § 6200(a). Under the MFAA, attorneys must notify their former clients of their rights under the MFAA before they commence collection proceedings for legal fees and costs. *Id.* at § 6201(a). Although failure to adhere to this notice requirement can be grounds for dismissal of the collection action, *id.*, dismissal is not mandatory. California courts have repeatedly held that dismissal or vacatur of an arbitration award for failure to provide the correct statutory notice is within the trial court's discretion. *See Law Offices of Dixon R. Howell v. Valley*, 129 Cal. App. 4th 1076, 1088, 29 Cal. Rptr. 3d 499 (2005); *Aheroni v. Maxwell*, 205 Cal. App. 3d 284, 294-295, 252 Cal. Rptr. 369 (1988).

Mercado does not assert that the trial court abused its discretion when it denied his request to vacate the arbitration award. Rather, Mercado asserts that dismissal of the arbitration proceedings, and subsequent vacation of the arbitration award, was mandatory. Because California law does not mandate dismissal for failure to provide notice under the MFAA, Mercado does not demonstrate error by the trial court.

---

[3] Cal. Bus. & Prof. Code, § 6200 et seq.

III. Unconscionability and Ambiguity

Mercado next asserts that the trial court should not have confirmed the arbitration award because it is both procedurally and substantively unconscionable and fatally ambiguous and, accordingly, the arbitrator did not have jurisdiction over the parties due to the absence of a binding arbitration agreement. Newman Du Wors contends that Mercado forfeited these arguments by failing to raise them in the arbitration. We agree with Newman Du Wors.

Under California law, a party claiming that the arbitration agreement is unenforceable due to illegality must raise that argument either before or during the arbitration or it is forfeited. *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 30-31, 832 P.2d 899, 10 Cal. Rptr. 2d 183 (1992). The court in *Moncharsh* explained as follows:

> The issue would have been waived, however, had Moncharsh failed to raise it *before the arbitrator.* Any other conclusion is inconsistent with the basic purpose of private arbitration, which is to finally decide a dispute between the parties. Moreover, we cannot permit a party to sit on [their] rights, content in the knowledge that should [they] suffer an adverse decision, [they] could then raise the illegality issue in a motion to vacate the arbitrator's award. A contrary rule would condone a level of "procedural gamesmanship" that we have condemned as "undermining the advantages of arbitration." (*Ericksen,* [*Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak St.,* 35 Cal. 3d 312, 323, 673 P.2d 251, 197 Cal. Rptr. 581 (1983)] (rejecting a rule permitting determination by courts of preliminary issues prior to submission to arbitration); see also *Christensen v. Dewor* [*Devs.,* 33 Cal. 3d 778, 783-784, 661 P.2d 1088, 191 Cal. Rptr. 8 (1983)] (condemning filing of pre-arbitration lawsuit in order to obtain pleadings that would reveal opponent's legal strategy).) Such a waste of arbitral and judicial time and resources should not be permitted.
>     We thus hold that unless a party is claiming (i) the entire contract is illegal, or (ii) the arbitration agreement itself is illegal, [they] need not raise the illegality question prior to participating in the arbitration process, so long as the issue is raised before the arbitrator.

Failure to raise the claim before the arbitrator, however, waives the claim for any future judicial review.

*Id.*

Mercado contends that the holding in *Moncharsh* is limited to parties who actively participate in the arbitration and is therefore inapplicable to him, as he refused to participate. We disagree. Inherent in the court's holding is its reasoning that courts should not condone any "procedural gamesmanship" to negate the results of an arbitration, as doing so would undermine the purpose of arbitration. *Id.* at 30. That reasoning applies with equal force here.

Mercado did not object when Newman Du Wors filed a notice of intent to arbitrate. Rather than submitting an objection, requesting a stay of arbitration, or filing for an injunction, Mercado's only action was to request a continuance of the proceedings. At no point did Mercado indicate that he believed the arbitration agreement was unenforceable or that the arbitrator lacked authority to decide the matter. It was only after Newman Du Wors moved to confirm the arbitration award that Mercado articulated any objection to the arbitration agreement itself. This is precisely the type of "procedural gamesmanship" that *Moncharsh* aimed to prevent.

The California Court of Appeals rejected an argument similar to Mercado's in *Cummings v. Future Nissan*, 128 Cal. App. 4th 321, 27 Cal. Rptr. 3d 10 (2005). There, the appellant asserted that "forfeiture should apply only where a party participates in arbitration willingly" and that because she was forced to participate via court order, she could not have waived the argument that the arbitration agreement was unconscionable and unenforceable. *Id.* at 328. The court rejected this argument, explaining,

> The "bright line" for application of forfeiture does not lie between those who voluntarily invoke the arbitration process and those who are dragged to the table against their will. The forfeiture rule exists to avoid the waste of scarce dispute resolution resources, and to thwart game-playing litigants who would conceal an ace up their sleeves for use in the event of an adverse outcome. The proper criterion for dividing the sheep from the goats is a litigant's *knowledge* of a defense to the jurisdiction of the arbitrator.

*Id.* (internal citation omitted).[4] The court summarized the rule as "[t]hose who are aware of a basis for finding the arbitration process invalid must raise it at the outset or as soon as they learn of it so that prompt judicial resolution may take place before wasting the time of the adjudicator(s) and the parties." *Id.* at 328-29. Accordingly, the court held that because the appellant failed to raise unconscionability when she initially resisted arbitration on other grounds, she had forfeited the argument, as well as any others that she did not previously raise. *Id.* at 329-30.

Here, Mercado had knowledge of the basis of his claims of unconscionability and ambiguity, as he was in possession of the arbitration agreement and knew of the facts precipitating the signing of the agreement. Yet, Mercado did not bring these facts or argument to the attention of the arbitrator or the court and instead allowed the arbitrator and Newman Du Wors to expend resources adjudicating the law firm's claims. California law does not permit a party to hide the ball in this manner. Therefore, Mercado's claims that the arbitration agreement is unenforceable have been forfeited.

---

[4] The court noted that there may be an exception to this rule where the party faces possible criminal sanctions for failing to participate in arbitration. *Cummings*, 128 Cal. App. 4th at 329 n.8. This exception does not apply here.

IV.    Failure to Attach Arbitration Agreement

Mercado asserts that the trial court erred when it confirmed the arbitration award because Newman Du Wors failed to attach a copy of the arbitration agreement to the motion to confirm the award. Mercado contends that Newman Du Wors' failure to adhere to California Code of Civil Procedure section 1285.4(a), which requires the arbitration agreement to be attached to the motion to confirm, was fatal to its motion and the award should not have been confirmed. We disagree.

Newman Du Wors asserts that Mercado's argument is without merit, as the procedural rules of Washington, not California, apply to the proceedings and Washington does not require the party moving to confirm an arbitration award to attach a copy of the arbitration agreement. Mercado, on the other hand, claims that confirmation of an arbitration award constitutes substantive, not procedural law, therefore, California law applies. We need not resolve the issue of which state's law applies, as the result is the same in either jurisdiction.

California Code of Civil Procedure section 1285.4 requires a party moving to confirm an arbitration award to set forth the substance of or attach a copy of the agreement to arbitrate, set forth the name(s) of the arbitrator(s), and set forth or attach a copy of the award. The purpose of this law "is to be sure that the trial judge has access to the arbitration agreement, the names of the arbitrators and the award." *Puccinelli v. Nestor*, 145 Cal. App. 2d 48, 49-50, 301 P.2d 921 (1956). Strict compliance with this rule is not required, and so long as all of the relevant information is before the court, its order confirming the award is valid. *Id.*; *Accito v. Matmor Canning Co.,* 128 Cal. App. 2d 631, 634, 276 P.2d 34 (1954). The trial court here

had a copy of the arbitration agreement at the time it entered the order confirming the arbitration award. Mercado has not cited to any authority, nor have we located any, where confirmation of an arbitration award was reversed solely on the basis that the moving party failed to attach a copy of the arbitration agreement to its motion. Thus, Mercado's requested relief is not warranted under California law.

In Washington, "RCW 7.04A.200, .240, and .230 provide narrow grounds for modifying, correcting, or vacating an arbitrator's award." *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 86, 546 P.3d 385 (2024). Failure to attach a copy of the arbitration agreement is not one of those narrow grounds. Washington law does not require that a party moving to confirm an arbitration award attach a copy of the arbitration agreement. *See* RCW 7.04A.220. Accordingly, Mercado does not state a basis for relief under either California or Washington law.

V. Attorney Fees on Confirmation

Mercado asserts that the trial court erred in awarding $15,439.94 in attorney fees and costs to Newman Du Wors in connection with its motion to confirm the arbitration award. We engage in a two-part review of an award of attorney fees. *In re Vulnerable Adult Pet. of Winter*, 12 Wn. App. 2d 815, 836, 460 P.3d 667 (2020). "First, we review de novo whether a legal basis exists for awarding attorney fees." *Id.* Second, we evaluate the reasonableness of the fee award for an abuse of discretion. *Id.*; *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 519, 910 P.2d 462 (1996).

"Courts must take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought." *Mahler v.*

*Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632 (1998). "Consistent with such an admonition is the need for an adequate record on fee award decisions." *Id.* at 435. To establish such a record, the trial court must enter findings of fact and conclusions of law in support of its award of fees. *Id.* "The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis." *Berryman v. Metcalf*, 177 Wn. App. 644, 658, 312 P.3d 745 (2013).

Here, the trial court did not enter any findings of fact or conclusions of law. Rather, the court merely entered judgment on the request for fees and ordered that the amount awarded was reasonable. This order contains no meaningful analysis of the request for fees and does not address any of the arguments Mercado raised in his opposition.

"[A] fee award that is unsupported by an adequate record will be remanded for the entry of proper findings of fact and conclusions of law that explain the basis for the award." *Id.* at 644. Accordingly, we remand to the trial court to enter findings of fact and conclusions of law explaining its award of fees.

VI.    Attorney Fees on Appeal

Mercado requests an award of attorney fees pursuant to RAP 18.1 and the terms of the parties' engagement agreement, which states, "If there is a final arbitration award, the non-prevailing party will pay costs and fees for any post-award action." Because we reject the majority of Mercado's arguments on the merits, Mercado is not the prevailing party. As such, he is not entitled to fees on appeal.

Newman Du Wors requests an award of sanctions pursuant to RAP 18.9, asserting that Mercado's appeal is frivolous. A party may recover attorney fees

pursuant to RAP 18.9 if the appellant files a frivolous appeal. "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal." *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013). Because the trial court's award of attorney fees was not supported by an adequate record, Mercado's appeal cannot be considered frivolous. We therefore decline to award attorney fees to Newman Du Wors on appeal.

Affirmed in part and remanded for entry of findings of fact and conclusions of law for the fee award.

WE CONCUR: